**Richard FRONATT, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 01–81–0200–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 31, 1981.

Rehearing Denied Feb. 4, 1982.

Discretionary Review Denied
April 14, 1982.

Allen C. Isbell, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before EVANS, C. J., and WARREN and DYESS, JJ.

WARREN, Justice.

A jury found appellant guilty of the manufacture of methamphetamine, a controlled substance, and assessed his punishment at confinement in the Texas Department of Corrections for 50 years.

Pursuant to a warrant, officers of the Houston Police Department searched the apartment of appellant and found in operation an apparatus capable of manufacturing methamphetamine. The officers also found

chemicals from which methamphetamine could be manufactured and a liquid containing a quantity of methamphetamine. When the officers entered the apartment, appellant and two other men were standing in the kitchen near the apparatus, which emitted a strong smell of ether.

Appellant's first ground of error urges that the evidence was insufficient to support a conviction for the manufacture of methamphetamine because the liquid and powder recovered contained "a quantity of an isomer of phentermine," to-wit: methamphetamine, a substance found under Penalty Group 3 of the Controlled Substance Act. Appellant was indicted and tried for the manufacture of, rather than the possession of methamphetamine. Tex. Rev.Civ.Stat.Ann. art. 4476–15, § 1.02(16), defines manufacture as "the production, preparation, propagation, compounding, conversion, or processing of a controlled substance."

■ The form of the drug recovered is not determinative of whether the offense of manufacture of a certain controlled substance is committed. Proof sufficient to show any of the procedures listed in art. 4476–15, Sec. 1.02(16) is sufficient to support a conviction of the manufacture of a controlled substance. The testimony that appellant had in his apartment an apparatus capable of manufacturing methamphetamine, the chemicals necessary to its manufacture, liquid and powder substances containing methamphetamine, plus the evidence that the apparatus was operating in appellant's presence when the officers entered his apartment is sufficient to prove that appellant was guilty of the manufacture of methamphetamine.

Appellant's next seven grounds of error complain that he was denied effective assistance of counsel because of the following acts or omissions of counsel:

(1) Counsel did not visit him from the day of his appointment until the day the trial began and was thus uninformed regarding the facts and possible defenses;

(2) Counsel did not subpoena Mr. Dubois, an important witness;

(3) Counsel did not subpoena Shirley Tineralla, an important witness;

(4) Counsel urged an oral motion for continuance which is contrary to Tex.Code Crim.Pro.Ann. Article 29.03, thus depriving him of a legitimate ground of error on appeal;

(5) Counsel failed to object to the introduction of evidence of the misconduct which resulted in the revocation of appellant's probation in a prior case, which evidence was inadmissible for purposes of impeachment;

(6) Counsel failed to properly object to the admission into evidence of a pen packet, thus allowing into evidence the misconduct which resulted in the revocation of probation in a former case;

(7) Counsel failed to examine the records in a former cause, thus resulting in appellant giving testimony which opened the door for impeachment evidence.

■ Appellant's allegation that counsel did not visit him from the date of the appointment until the time of trial is misleading. It appears from the records that appellant's counsel at trial had represented him for many months on this case. However, approximately one month before trial, appellant was reindicted, and his counsel was reappointed to represent him. There is no evidence that trial counsel was unfamiliar with the facts and possible defenses. There is evidence that appellant's counsel interviewed witnesses and prepared for trial.

Appellant's counsel made an oral motion for continuance shortly before the trial commenced, alleging a need to secure the attendance of two witnesses, Danny Dubois and Shirley Tineralla. Affidavits of these two potential witnesses, were attached to appellant's motion for new trial. Allegedly, Dubois would have testified that appellant had been living with him in Conroe for several weeks prior to appellant's arrest. Shirley Tineralla's affidavit stated that she went to an address in Conroe where Fronatt was living with Danny Dubois, left a pet bobcat with Fronatt, and she picked up

the bobcat from appellant at that address two days later. These affidavits revealed nothing that would compel the court to grant a continuance in order to secure their attendance in court.

Appellant's remaining three grounds of error complain that he was denied effective assistance of counsel because his counsel failed to object to the introduction of evidence of appellant's misconduct which resulted in his probation being revoked in another cause, and failed to examine court records in the other cause. Appellant testified on direct examination that he had been previously placed on probation and that the probation had been revoked because he crossed county lines without permission. In fact, his probation was revoked because he violated the terms of his probation by unlawfully possessing criminal instruments with intent to commit theft. On cross examination the assistant district attorney asked appellant whether in fact his probation was revoked because it was found that on the 13th day of May 1975 he had unlawful possession of criminal instruments in Harris County with the intent to commit theft. Appellant replied, "No, I proved that wrong." The State then introduced a pen pocket containing an order in the former cause, which showed that appellant's probation was revoked because it was found that he unlawfully possessed criminal instruments with the intent to commit theft. No objection was made to the introduction of the order revoking probation, contained in the pen pocket. Since appellant gave incorrect testimony concerning the reason his probation was revoked, the State was entitled to introduce evidence to show the correct reason that his probation was revoked. *Wright v. State*, 591 S.W.2d 458 (Tex.Cr. App.1979); *Thomas v. State*, 530 S.W.2d 834 (Tex.Cr.App.1975). An objection would almost certainly have been overruled and would only have emphasized the fact that appellant's testimony was incorrect or false.

The remaining complaint regarding counsel's failure to inspect the pen packet, and thus prevent appellant from giving false testimony, is without merit. There is no evidence that counsel failed to inspect the records. Apparently the defense strategy was to bare everything concerning appellant's past criminal record. The impeachment testimony was precipitated by appellant's incorrect or false testimony. Appellant, through oversight or design, failed to correctly state the reason that his probation was revoked. This, rather than counsel's failure to check the records, was the cause of appellant's impeachment. We are of the opinion that appellant received reasonably effective assistance of counsel as defined in *Ex parte Gallegos*, 511 S.W.2d 510 (Tex.Cr. App.1974). Appellant's grounds of error two through eight are overruled.

Affirmed.