11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

William Elzy Isham

Appellant

Vs.                   No.
11-01-00402-CR  -- Appeal from Stephens
County

State of Texas

Appellee

 

The jury
convicted William Elzy Isham of possession of methamphetamine,[1]
and the trial court assessed his punishment at confinement for 10 years and a
fine of $5,000.  We affirm.

                                                                Background
Facts

Trooper
Jason Shea of the Texas Department of Public Safety (DPS), Agent Robert Rains
of the West Central Texas Interlocal Crime Task Force, and Stephens County
Sheriff James D. Reeves testified that they, along with other law enforcement
officers, executed a search warrant on August 14, 2000, which resulted in the
arrests of appellant, Preston Crow, Danny Krick, and Dennis Langley.  Crow was the owner of the house which was
searched.  Appellant was seen running
from the house with a Pyrex dish in his hand as the law enforcement officers
approached the house.  Appellant was
also seen pouring a white powdery substance from the Pyrex dish just before he
was arrested.  The officers collected as
much of the white powdery substance as they could.  There was chain-of-custody testimony on the white powdery
substance from the scene of appellant=s arrest to the Department of Public Safety Laboratory.

The State=s expert witness, Eddie Lee Dickie, testified
that he was the Asupervising criminalist@ at the DPS Lab, that he had been employed by
the DPS for 27 years, that the exhibit which was submitted for examination
contained methamphetamine, that it also contained grass and weeds, and that the
total weight of the exhibit was 6.10 grams. 
On cross-examination, the State=s expert testified:

Q: This is
what weighed how much, 6 grams?

 

A: 6.10
grams.








Q: And
that weight is whatever is in this bag; is that correct?

 

A: That is
correct.  Well, except for what I took
out to analyze.  I believe the weight on
it after I analyzed it that=s there is approximately 5.7 grams.

 

Q: So this
is 5.7 grams and that includes the grass, the twigs, and whatever?

 

A: That is
correct.

 

Q: You
don=t know how much methamphetamine is here?

 

A: Pure
methamphetamine, no.

 

Q: Well, you=re just saying it=s more than four, that=s what you=re
saying?

 

A: That
is correct.

 

Q: It=s your opinion that it=s more than four?

 

A: Yes,
sir.  The grass and weeds would have
to weigh approximately 2.10 grams.

 

Q: Couldn=t you have taken those out and weighed the
powder without the grass and weeds?

 

A: I could
have taken some of them out, but I couldn=t have gotten them all out, no, sir.

 

Q:
Strainer wouldn=t have done the job?

 

A: We don=t have one over at the lab, I don=t think, that could do it.  (Emphasis added)

 

On redirect examination,
the State=s expert testified:

Q: The
bulk of what is contained in [the exhibit] is methamphetamine, is it not?

 

A: The
powder, yes.

 

Q: The
powder, that=s the powder.  And again it=s your professional opinion that that is more
than four grams?

 

A: That is
correct.  (Emphasis added)

 








The record
also contained testimony from Sheriff Reeves that they gathered as much of the
white powdery substance as they could and his estimate that there was as much
of it left on the ground as they were able to gather.  

                                                                   Points
of Error

Appellant
briefed three points of error.  He
argued that the evidence was Alegally@ insufficient and Afactually@ insufficient to support his conviction; these points were based upon
his contention that the State failed to prove beyond a reasonable doubt that
the controlled substance which he had possessed weighed  Aat least 4 grams.@  Appellant argues in his final
point that the trial court erred in overruling his motion for directed verdict
because there was insufficient evidence to prove that the methamphetamine
weighed Aat least 4 grams.@

                                                        Sufficiency
of Evidence Tests

Appellant
cites Brumit v. State, 42 S.W.3d 201 (Tex.App. - Fort Worth 2001, pet=n ref=d), and Goff v. State, 777 S.W.2d 418 (Tex.Cr.App.1989), for his
argument that Aweight@ testimony on controlled substances requires more than a Abest guess@ by an expert witness.  Those
cases are factually distinguishable. 

On the first
point, we have reviewed Aall of the evidence in the light most favorable to the prosecution,@ and we have determined that a rational fact
finder Acould have found the essential elements of
the offense beyond a reasonable doubt.@  Therefore, the evidence is Alegally@ sufficient to support the conviction. 
See, e.g., Jackson v. Virginia, 443 U.S. 307 (1979); Vasquez v. State,
67 S.W.3d 229, 236 (Tex.Cr.App.2002). 
On the second point, we have examined Aall of the evidence in a neutral light,@ and we have determined that the evidence is Afactually@ sufficient because it is not  Aobviously weak@ nor Agreatly outweighed@ by contrary evidence; consequently, the
conviction is neither  Aclearly wrong@ nor Amanifestly unjust.@ 
See  Vasquez v. State,
supra.  

Since the
evidence was both Alegally@ and Afactually@
sufficient to support the conviction, the court did not err in overruling
appellant=s motion for a directed verdict.  

Points of
Error Nos. 1, 2, and 3 are overruled.

 

 

 

 








                                                                This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

BOB
DICKENSON

SENIOR
JUSTICE

 

April 17, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of:  Wright, J., and

McCall, J., and Dickenson, S.J.[2]












[1]This was a felony of the second degree because the
indictment alleged that the amount possessed was more than 4 grams, but less
than 200 grams.  See TEX. HEALTH &
SAFETY CODE ANN. ' 481.115(d) (Vernon Pamph. Supp. 2003).





[2]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.