**Bartley Lynn HARDIE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–01–299–CR.**

Court of Appeals of Texas,
Waco.

May 29, 2002.

Rehearing Overruled July 3, 2002.

Andy J. McMullen, Hamilton, for appellant.

B.J. Shepherd, Hamilton County Dist. Atty., Martin L. Peterson, Assistant Dist. Atty., Meridian, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

BILL VANCE, Justice.

Bartley Lynn Hardie appeals his conviction for the offense of manufacturing· a controlled substance; he was sentenced to 10 years' confinement and a $1,000 fine. Hardie raises several issues for our review. Finding no error, we will affirm.

## BACKGROUND

In 2000, Officer David Inocencio of the Rural Area Narcotics Task Force (RANTF) began an investigation of Jason Todd Wuemling as possibly operating a home-laboratory to make methamphetamine, a controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.102(6) (Vernon Supp.2002). On October 24, 2000, after six months of investigating Wuemling's activities, Officer Inocencio obtained a search warrant from Justice of the Peace Susan Anglin to search Wuemling's residence in Hamilton County. Judge Anglin

issued the warrant around noon that day, but the RANTF officers decided to wait until dark before executing the warrant. While the officers waited until nighttime, they maintained surveillance on Wuemling's property.

Around 10:00 PM, the officers raided the Wuemling property, which consisted of a main residential house and a shed. As they approached the two structures, Bartley Lynn Hardie was seen walking from the main house to the shed. Some of the officers immediately detained him. Hardie was carrying a bag that contained four unopened packages of lithium batteries. Wuemling, however, was not on the property when the Task Force entered. Wuemling and his girlfriend returned to the property a short time later and were detained. The officers found methamphetamine inside the house and the shed. They also discovered many of the necessary ingredients used to manufacture methamphetamine. Wuemling, Hardie, and Wuemling's girlfriend, Theresa Singleton (Singleton), were arrested for manufacturing a controlled substance.

All three were indicted for manufacturing 400 grams or more of methamphetamine. *Id.* §§ 481.102(6), 481.112(f) (Vernon Supp.2002). Wuemling pled guilty to the charge and received ten years' confinement. Singleton also pled guilty and was sentenced to ten years' community supervision. Hardie, however, pled not guilty and, after a jury trial, was convicted of a lesser-included offense, manufacturing 200 grams or more of methamphetamine. *Id.* § 481.112(e). Hardie was sentenced to ten years' imprisonment and fined one thousand dollars. He then brought this appeal raising several issues for our review.

### ISSUES

Hardie raises these issues: (1) did the trial court err by not instructing the jury that Wuemling is an accomplice as a matter of law?; (2) is there evidence other than Wuemling's testimony that tends to connect Hardie with the offense committed, as required by article 38.14 of the Code of Criminal Procedure?; (3) did the trial court err in overruling Hardie's requests to charge the jury regarding (a) the lesser-included offense of manufacture of less than 200 grams of methamphetamine and (b) the lesser-included offense of possession of methamphetamine?; and (4) did the trial court err by allowing the State to amend the indictment without following the procedures outlined in article 28.10 of the Code of Criminal Procedure?

### ISSUES (1) AND (2)

#### ARTICLE 38.14: ACCOMPLICE WITNESS

 Hardie's first and second issues pertain to article 38.14 of the Code of Criminal Procedure which states:

A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; *and the corroboration is not sufficient if it merely shows the commission of the offense.*

TEX.CODE CRIM. PROC. ANN. art. 38.14 (Vernon 1979) (emphasis added). The reason for the rule is that accomplice testimony is inherently untrustworthy and should be viewed with caution. *Blake v. State*, 971 S.W.2d 451, 454 (Tex.Crim.App.1998). An accomplice-witness instruction must be included in the charge on guilt or innocence whenever trial testimony offered by the State is elicited from an accomplice to the crime for the purpose of proving that the defendant ·committed the crime. *Selman v. State*, 807 S.W.2d 310, 311 (Tex.Crim. App.1991); *Gamez v. State*, 737 S.W.2d 315, 322 (Tex.Crim.App.1987).

## ISSUE (1): ACCOMPLICE AS A MATTER OF LAW

In his first issue Hardie complains that the trial court erred by not instructing the jury that Jason Todd Wuemling was an accomplice as a matter of law.

### *Was Wuemling an Accomplice as a Matter of Law?*

When the witness has been indicted for the same offense as the defendant, the witness is an accomplice as a matter of law and the trial court should so instruct the jury. *DeBlanc v. State*, 799 S.W.2d 701, 708 (Tex.Crim.App.1990); *Williams v. State*, 47 S.W.3d 626, 630 (Tex. App.-Waco 2001, pet. ref'd). Therefore, because Wuemling was indicted for the same offense as Hardie, Wuemling is an accomplice as a matter of law and the jury should have been so instructed. Accordingly, the trial court erred by failing to add to the jury charge an instruction that Wuemling was an accomplice as a matter of law.

### *Was "Some Harm" Caused by the Charge–Error?*

A judgment will not be reversed based on a charge error unless the error is "calculated to injure the rights of [the] defendant." TEX.CODE CRIM. PROC. ANN. art. 36.19 (Vernon 1981). The error must be harmful. The appellate court must examine the record as a whole to find if it can "say with confidence that the error did not cause some harm." *Ovalle v. State*, 13 S.W.3d 774, 788 (Tex.Crim.App.2000) (the defendant does not have the burden of proof to show "actual harm").

The charge instructed the jury that:

You are instructed that an "accomplice," as the term is here used, means anyone connected with the crime charged, as a party thereto, and includes all persons who are connected with the crime by unlawful act or omission on their part transpiring either before or during the time of the commission of the offense, and whether or not they were present and participated in the commission of the crime. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible or by both. Mere presence alone, however, will not constitute one a party to an offense.

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense. The term "conduct" means any act or omission and its accompanying mental state.

You are further instructed that a conviction cannot be had upon the testimony of an accomplice unless the jury first believes that the accomplice's evidence is true and that it shows the defendant is guilty of the offense charged against him, and even then you cannot convict unless the accomplice's testimony is corroborated by other evidence tending to connect the defendant with the commission of the offense charged, and the corroboration is not sufficient if it merely shows the commission of the offense, but it must tend to connect the defendant with its commission.

The trial court properly instructed the jury about the accomplice-witness rule, but it failed to inform the jury that Wuemling was an accomplice as a matter of law. We cannot say that any harm was caused by this error because Hardie's defense counsel in closing argument told the jury that Wuemling was an accomplice and that his testimony should not be relied upon to convict his client. The State did not con-

tradict this assertion. Also, it is uncontested from the facts that Wuemling fits the definition of "accomplice" given the jury. Thus, Hardie's first issue is overruled.

### ISSUE (2): NON-ACCOMPLICE EVIDENCE

■ Hardie's second issue is that the other evidence tending to connect him to the crime was insufficient, and, therefore, the conviction cannot be sustained. We do not review this issue under traditional sufficiency standards. Rather, we review simply for whether there is other evidence "tending to connect" the defendant with the offense. *Cathey v. State*, 992 S.W.2d 460, 462–63 (Tex.Crim.App.1999). "In conducting a sufficiency review under the accomplice-witness rule, [we] must eliminate the accomplice testimony from consideration and then examine the remaining portions of the record to see if there is any evidence that tends to connect the accused with the commission of the crime." *Solomon v. State*, 49 S.W.3d 356, 361 (Tex. Crim.App.2001).

Officer Inocencio testified that "precursory tools and finished methamphetamine [were found] in the shed and in the house." Inside the shed and the house, the officers found lithium batteries, anhydrous ammonia, over-the-counter tablets which contain ephedrine, and distilled water—all necessary ingredients for making methaphetamine in a make-shift laboratory. When Officer Inocencio and other RANTF officers raided the property, Inocencio saw Hardie walking towards the shed from the main house. Hardie was immediately arrested and he was carrying four unopened packages of lithium batteries. We find that this evidence tends to connect Hardie to the commission of the crime—manufacturing methamphetamine. Accordingly, we overrule Hardie's second issue. *Id.*

### ISSUE (3)

### CHARGE TO THE JURY ON LESSER-INCLUDED OFFENSES

■ In determining whether a jury must be instructed concerning a lesser included offense, a two-step analysis must be applied. *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex.Crim.App.1993). First, the lesser included offense must be included within the proof necessary to establish the offense charged. *Id.* at 672. Second, there must be some evidence in the record that would permit a jury to rationally find that if the defendant is guilty, he is guilty of only the lesser offense. *Id.* Article 37.09 of the Code of Criminal Procedure provides:

■ An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX.CODE CRIM. PROC. ANN. art. 37.09 (Vernon 1981). "The evidence must establish the lesser-included offense as a valid rational alternative to the charged offense." *Wesbrook v. State*, 29 S.W.3d 103, 113 (Tex.Crim.App.2000) (citing *Rousseau*, 855 S.W.2d at 672–73). And "[a]nything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge."

*Bignall v. State,* 887 S.W.2d 21, 23 (Tex. Crim.App.1994).

### ISSUE (3)(A): MANUFACTURE OF LESS THAN 200 GRAMS

■ State's exhibit number 29 is a report prepared by Araceli Uptmor, a Department of Public Safety (DPS) criminalist. Uptmor analyzed the substances that RANTF officers recovered from the Wuemling property. The report states that the net weight of the methamphetamine along with the adulterants and dilutants was 232.89 grams. Hardie's third issue complains first about the court's refusal to charge the jury with the option of finding him guilty of manufacturing less than 200 grams of methamphetamine. Because the aggregate weight of methamphetamine and adulterants and dilutants found as a result of the search exceeded 200 grams, we cannot say that the requested "lesser-included offense [was] a valid rational alternative to the charged offense." *Wesbrook,* 29 S.W.3d at 113. Therefore, the trial court did not err by refusing to charge the jury as Hardie requested.

### ISSUE (3)(B): POSSESSION OF METH-AMPHETAMINE AS A "LESSER-INCLUDED" OFFENSE

Hardie next says that the evidence raised possession of methamphetamine, a lesser-included offense of manufacturing a controlled substance.

■ To support a conviction for possession of a controlled substance, the State would be required to show (1) that Hardie exercised actual care, control, or custody of the substance, (2) that he was conscious of his connection with it, and (3) that he possessed the substance knowingly or intentionally. TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115 (Vernon Supp. 2002); *Brown v. State,* 911 S.W.2d 744, 747 (Tex.Crim.App.1995); *Jones v. State,* 963 S.W.2d 826, 830 (Tex.App.-Texarkana

1998, pet. ref'd). On the other hand, to support a conviction of manufacturing more than 200 grams of methamphetamine, the State must show (1) that Hardie had been manufacturing methamphetamine at the time of his arrest, and (2) that the controlled substance manufactured was, by aggregate weight including any adulterants and dilutants, 200 grams or more. TEX. HEALTH & SAFETY CODE ANN. § 481.112(e); *Goff v. State,* 777 S.W.2d 418, 420 (Tex.Crim.App.1989); *Brumit v. State,* 42 S.W.3d 201, 203–04 (Tex.App.-Fort Worth 2001, pet. ref'd).

■ Comparing the elements of the offense of possession of methamphetamine to those of the offense of manufacturing methamphetamine, we find that the two offenses do not share any common elements, which is required for a lesser-included offense. *See Gilmore v. State,* 44 S.W.3d 92, 96 (Tex.App.-Beaumont, 2001 pet.ref'd) ("We see from the above comparison that the offense of resisting arrest is not, at least as a matter of law, a lesser-included offense of assault of a public servant."). Therefore, possession of methamphetamine cannot be a lesser-included offense of manufacturing methamphetamine. *Rousseau,* 855 S.W.2d at 672–73; TEX. CODE CRIM. PROC. ANN. art. 37.09. Accordingly, the trial court did not err by refusing this jury charge instruction, and we overrule Hardie's third issue in its entirety.

### ISSUE (4)

#### IRREGULARITY IN THE INDICTMENT AND THE JURY'S VERDICT

■ Hardie was indicted for manufacturing more than 400 grams of methamphetamine. TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.112(f). On the first day of trial in August, the prosecuting attorney (DA) told the trial court that "We intend to prove up the lesser included offense of this in the indictment." As the

DA read the indictment to the jury, he stated that he expected the evidence to show a manufacture of more than 200 grams of methamphetamine. *Id.* § 481.112(e). At the end of trial, the trial court read the charge on guilt-innocence to the jury, and the application paragraph reflected the State's proof that Hardie had manufactured more than 200 grams but less than 400 grams of methamphetamine. The jury found Hardie guilty of that offense.

Hardie complains on appeal that, because the DA violated article 28.10 of the Code of Criminal Procedure by failing to properly amend the indictment, he is entitled to an acquittal, or at least a new trial. Article 28.10 of the Code of Criminal Procedure provides:

(a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

(b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.

(c) An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced. TEX.CODE CRIM. PROC. ANN. art. 28.10 (Vernon 1989).

 Indictment for a greater offense necessarily includes all the lesser included offenses, whether each of their constituent elements are alleged in the wording of the indictment of the greater offense or not. *Eastep v. State,* 941 S.W.2d 130, 134 (Tex.Crim.App.1997), *overruled on other grounds by Riney v. State,* 28 S.W.3d 561 (Tex.Crim.App.2000); *Allison v. State,* 618 S.W.2d 763, 764 (Tex. Crim.App.1981). When an indictment alleges an offense which includes lesser offenses, the accused may be tried and convicted of a lesser offense. *Allison,* 618 S.W.2d at 765. Here, the DA simply set out to prove, and did prove, the lesser included offense of manufacture of more than 200 grams of methamphetamine but less than 400 grams, rather than the greater offense of manufacture of more than 400 grams. The indictment was not altered.[1] *See id.* Accordingly, article 28.10 is inapplicable, and the court did not err in allowing the DA to proceed on only the lesser included offense. We overrule Hardie's final issue.

## CONCLUSION

Having found that Hardie does not prevail on any of the issues presented, we affirm the judgment.

---

1. There are three situations where an alteration to the face of the charging instrument is an abandonment: (1) abandonment of one or more of the alternative means of committing an offense; (2) abandonment of an allegation if the effect is to reduce the prosecution to a lesser included offense; or (3) abandonment of surplusage. *Eastep v. State,* 941 S.W.2d 130, 132 (Tex.Crim.App.1997), *overruled on other grounds by Riney v. State,* 28 S.W.3d 561 (Tex.Crim.App.2000); *see also White v. State,* 890 S.W.2d 69, 72 n. 3 (Tex.Crim.App.1994). In these situations, the requirements of article 28.10 are not invoked. Except for the fact that the indictment here was not physically altered, the result is the same as the second situation described in *Eastep.*