COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH

NO. 
2-02-277-CR

FREDDY LOPEZ CUESTAS A/K/A                                             APPELLANT 
FREDDE LOPEZ CUESTAS
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM THE 
213TH DISTRICT COURT OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        Freddy Lopez Cuestas appeals his conviction for unlawfully manufacturing 
more than four but less than two hundred grams of methamphetamine. In two 
points, appellant complains that the trial court abused its discretion by denying 
his motion to suppress his written confession and by denying him a jury charge 
on the lesser included offense of unlawful manufacture of less than one gram 
of methamphetamine. We will affirm. 
        A DEA task force including Officer Tony Dyess investigated a possible 
drug laboratory at a house on Columbus Avenue in Fort Worth owned by 
appellant’s wife. On the morning of January 9, 2002, Officer Dyess prepared 
a search warrant for the house while Officers Perez and Blaisdell conducted 
surveillance. When appellant and his accomplice, Jerry Gilmore, left the house, 
Officers Perez and Blaisdell radioed a patrol unit to stop their vehicle. At about 
8:45 a.m. appellant and Gilmore were stopped and detained for approximately 
two and a half hours while the warrant was executed. Officer Blaisdell 
informed appellant that the house on Columbus Avenue was about to be 
searched pursuant to a warrant. Appellant asked the officers to use his key to 
enter the house so that the new door would not be damaged. 
        Appellant and Gilmore were transported to the house. They were placed 
under arrest shortly after the warrant was executed and evidence of 
methamphetamine manufacturing was discovered. At 11:27 a.m., Officer Perez 
read appellant his Miranda rights, and appellant signed a waiver of rights sheet. 
Appellant was then asked to make a written statement. He eventually signed 
a statement confessing that he had a key to the home on Columbus Avenue, 
where he allowed friends to “cook” methamphetamine; he further confessed 
that he was fully aware of these activities and sometimes received $75 to $100 
per “cook.” Appellant was handcuffed in the back of a squad car when he 
signed this statement. 
        Appellant was originally charged with unlawfully manufacturing 
methamphetamine in an amount over four hundred grams. At the conclusion 
of the guilt/innocence phase of the trial, however, the State asked the trial 
court to charge the jury on the lesser included offense of unlawfully 
manufacturing methamphetamine in an amount over four but less than two 
hundred grams. The jury found appellant guilty of the lesser offense, and the 
trial court sentenced him to thirty years’ confinement. 
        In his first issue, appellant contends that the trial court abused its 
discretion by denying his motion to suppress his written statement. He argues 
that the statement was a product of police coercion and intimidation because 
the police threatened to arrest his wife if he did not write it. He further 
contends that his statement was coerced because of the length and conditions 
of his detention. 
        We review the denial of a motion to suppress under a bifurcated standard 
of review, giving almost total deference to the trial court’s determination of 
historical facts that turn on credibility and demeanor and reviewing de novo the 
court’s application of the law to the facts. Carmouche v. State, 10 S.W.3d 
323, 327 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. 
Crim. App. 1997). Whether a confession was voluntary is determined based 
on the totality of the circumstances. Lane v. State, 933 S.W.2d 504, 512 
(Tex. Crim. App. 1996); Ashcraft v. State, 934 S.W.2d 727, 737 (Tex. 
App.—Corpus Christi 1996, pet. ref’d). Relevant factors include the length of 
the detention and interrogation, whether the defendant was permitted access 
to his family or an attorney, and the presence or absence of physical brutality. 
Lane, 933 S.W.2d at 512. 
        In this case, appellant testified that he signed the statement only because 
police threatened to arrest his wife, Josefina, if he did not. Conversely, Officer 
Perez testified that he merely asked whether Josefina was involved with the 
drug laboratory because she owned the house and that he never threatened to 
charge or arrest her as a means of leveraging a confession from appellant. The 
trial court had the opportunity to evaluate the witnesses’ credibility and 
demeanor and was free to believe Officer Perez’s testimony and disbelieve 
appellant’s. See State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). 
        Additionally, where, as here, a person has created conditions that place 
an innocent relative under suspicion and desires to extricate the relative from 
that position, the person’s self-motivated confession is voluntary and admissible 
in evidence. Roberts v. State, 545 S.W.2d 157, 161 (Tex. Crim. App. 1977). 
Appellant’s activities at his wife’s house placed her under suspicion, and his 
desire to free her from that suspicion did not render his confession involuntary. 
        Appellant further asserts that he was coerced because he was detained 
for over an hour before the search warrant was signed, given nothing to eat or 
drink, and allowed to smoke only two cigarettes. During his two and a half 
hour detention, appellant did not request food or drink, nor did he ask to speak 
to an attorney. He was allowed to smoke two cigarettes, and the police 
honored his request to use his key to avoid damaging the new door to the 
house. He was not questioned by the police, nor did he sign a statement, until 
after he had been advised of his Miranda rights and had signed a written waiver 
of those rights. Based on the totality of these circumstances, we hold that the 
trial court did not err by concluding that appellant’s confession was voluntary 
and by overruling appellant’s motion to suppress. See Lane, 933 S.W.2d at 
512 (holding confession voluntary when defendant was allowed to smoke and 
interrogation style was “low key” and nonconfrontational); Smith v. State, 779 
S.W.2d 417, 429-29 (Tex. Crim. App. 1989) (holding that eight hours of 
questioning without food did not render confession involuntary where State 
showed defendant was willing to continue the interrogation). We overrule 
appellant’s first issue. 
        In his second issue, appellant argues that the trial court erred by refusing 
to charge the jury on the lesser included offense of unlawfully manufacturing 
less than one gram of methamphetamine. This complaint is waived because it 
was not raised in the trial court. The record shows that, at trial, appellant 
asked only that the jury be charged on the lesser included offense of possession 
of less than one gram of methamphetamine, not manufacture of this amount. 
Possession and manufacture of methamphetamine are not the same offense 
because they have different elements. Hardie v. State, 79 S.W.3d 625, 631 
(Tex. App.—Waco 2002, pet. ref’d). Compare Tex. Health & Safety Code Ann. 
§ 481.112 (Vernon 2003), with Tex. Health & Safety Code Ann. § 481.115. 
Even where a lesser included offense is supported by the evidence, defense 
counsel must request a charge on the lesser offense or properly object to its 
omission or the error is waived. Kinnamon v. State, 791 S.W.2d 84, 96 (Tex. 
Crim. App. 1990), overruled on other grounds by Cook v. State, 884 S.W.2d 
485 (Tex. Crim. App. 1994). Because appellant’s complaint about the trial 
court’s charge is waived, we overrule his second issue. 
        Having overruled appellant’s points, we affirm the trial court’s judgment. 

                                                                  PER CURIAM 
 
PANEL F:   CAYCE, C.J.; GARDNER and WALKER, JJ. 
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: September 25, 2003