Cuestas v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-277-CR

FREDDY LOPEZ CUESTAS A/K/A APPELLANT

FREDDE LOPEZ CUESTAS

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Freddy Lopez Cuestas appeals his conviction for unlawfully manufacturing more than four but less than two hundred grams of methamphetamine.  In two points, appellant complains that the trial court abused its discretion by denying his motion to suppress his written confession and by denying him a jury charge on the lesser included offense of unlawful manufacture of less than one gram of methamphetamine.  We will affirm.

A DEA task force including Officer Tony Dyess investigated a possible drug laboratory at a house on Columbus Avenue in Fort Worth owned by appellant’s wife.  On the morning of January 9, 2002, Officer Dyess prepared a search warrant for the house while Officers Perez and Blaisdell conducted surveillance.  When appellant and his accomplice, Jerry Gilmore, left the house, Officers Perez and Blaisdell radioed a patrol unit to stop their vehicle.  At about 8:45 a.m. appellant and Gilmore were stopped and detained for approximately two and a half hours while the warrant was executed.  Officer Blaisdell informed appellant that the house on Columbus Avenue was about to be searched pursuant to a warrant.  Appellant asked the officers to use his key to enter the house so that the new door would not be damaged.  

Appellant and Gilmore were transported to the house.  They were placed under arrest shortly after the warrant was executed and evidence of methamphetamine manufacturing was discovered.  At 11:27 a.m., Officer Perez read appellant his 
Miranda
 rights, and appellant signed a waiver of rights sheet.  Appellant was then asked to make a written statement.  He eventually signed a statement confessing that he had a key to the home on Columbus Avenue, where he allowed friends to “cook” methamphetamine; he further confessed that he was fully aware of these activities and sometimes received $75 to $100 per “cook.”  Appellant was handcuffed in the back of a squad car when he signed this statement.  

Appellant was originally charged with unlawfully manufacturing methamphetamine in an amount over four hundred grams.  At the conclusion of the guilt/innocence phase of the trial, however, the State asked the trial court to charge the jury on the lesser included offense of unlawfully manufacturing methamphetamine in an amount over four but less than two hundred grams.  The jury found appellant guilty of the lesser offense, and the trial court sentenced him to thirty years’ confinement.  

In his first issue, appellant contends that the trial court abused its discretion by denying his motion to suppress his written statement.  He argues that the statement was a product of police coercion and intimidation because the police threatened to arrest his wife if he did not write it.  He further contends that his statement was coerced because of the length and conditions of his detention. 

We review the denial of a motion to suppress under a bifurcated standard of review, giving almost total deference to the trial court’s determination of historical facts that turn on credibility and demeanor and reviewing de novo the court’s application of the law to the facts.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  Whether a confession was voluntary is determined based on the totality of the circumstances.  
Lane v. State
, 933 S.W.2d 504, 512 (Tex. Crim. App. 1996); 
Ashcraft v. State
, 934 S.W.2d 727, 737 (Tex. App.—Corpus Christi 1996, pet. ref’d).  Relevant factors include the length of the detention and interrogation, whether the defendant was permitted access to his family or an attorney, and the presence or absence of physical brutality.  
Lane
, 933 S.W.2d at 512.

In this case, appellant testified that he signed the statement only because police threatened to arrest his wife, Josefina, if he did not.  Conversely, Officer Perez testified that he merely asked whether Josefina was involved with the drug laboratory because she owned the house and that he never threatened to charge or arrest her as a means of leveraging a confession from appellant.  The trial court had the opportunity to evaluate the witnesses’ credibility and demeanor and was free to believe Officer Perez’s testimony and disbelieve appellant’s.  
See
 
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

Additionally, where, as here, a person has created conditions that place an innocent relative under suspicion and desires to extricate the relative from that position, the person’s self-motivated confession is voluntary and admissible in evidence.  
Roberts v. State
, 545 S.W.2d 157, 161 (Tex. Crim. App. 1977).  Appellant’s activities at his wife’s house placed her under suspicion, and his desire to free her from that suspicion did not render his confession involuntary.

Appellant further asserts that he was coerced because he was detained for over an hour before the search warrant was signed, given nothing to eat or drink, and allowed to smoke only two cigarettes.  During his two and a half hour detention, appellant did not request food or drink, nor did he ask to speak to an attorney.  He was allowed to smoke two cigarettes, and the police honored his request to use his key to avoid damaging the new door to the house.  He was not questioned by the police, nor did he sign a statement, until after he had been advised of his 
Miranda
 rights and had signed a written waiver of those rights.  Based on the totality of these circumstances, we hold that the trial court did not err by concluding that appellant’s confession was voluntary and by overruling appellant’s motion to suppress.  
See Lane
, 933 S.W.2d at 512 (holding confession voluntary when defendant was allowed to smoke and interrogation style was “low key” and nonconfrontational); 
Smith v. State
, 779 S.W.2d 417, 429-29 (Tex. Crim. App. 1989) (holding that eight hours of questioning without food did not render confession involuntary where State showed defendant was willing to continue the interrogation).  We overrule appellant’s first issue.

In his second issue, appellant argues that the trial court erred by refusing to charge the jury on the lesser included offense of unlawfully manufacturing less than one gram of methamphetamine.  This complaint is waived because it was not raised in the trial court.  The record shows that, at trial, appellant asked only that the jury be charged on the lesser included offense of 
possession
 of less than one gram of methamphetamine, not 
manufacture
 of this amount.  Possession and manufacture of methamphetamine are not the same offense because they have different elements.  
Hardie v. State
, 79 S.W.3d 625, 631 (Tex. App.—Waco 2002, pet. ref’d).  
Compare
 
Tex. Health & Safety Code Ann. 
§ 481.112 (Vernon 2003), 
with
 
Tex. Health & Safety Code Ann. 
§ 481.115.  Even where a lesser included offense is supported by the evidence, defense counsel must request a charge on the lesser offense or properly object to its omission or the error is waived.  
Kinnamon v. State
, 791 S.W.2d 84, 96 (Tex. Crim. App. 1990), 
overruled on other grounds by
 
Cook v. State
, 884 S.W.2d 485 (Tex. Crim. App. 1994).
  Because appellant’s complaint about the trial court’s charge is waived, we overrule his second issue.

Having overruled appellant’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  September 25, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.