Opinion filed February 2, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed February 2, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00219-CR 

                                                    __________

 

                                  JAMES DAVID KEYSER, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 91st District Court

 

                                                        Eastland
County, Texas

 

                                                   Trial
Court Cause No. 19,887

 



 

                                                                   O
P I N I O N

 

The jury convicted James David Keyser of
manufacturing four or more grams but less than 200 grams of
methamphetamine.  The jury sentenced
appellant to eighty years confinement and a $2,500 fine.  We affirm.








In his first point of error, appellant argues that
the evidence is legally insufficient to support his conviction.  In order to determine if the evidence is
legally sufficient, we must review all of the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307
(1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App. 2000).

Deputy Robert Rains, with the Eastland County
Sheriff=s Office,
testified that on September 14, 2001, he was assigned as a narcotics
investigator to the drug task force.  On
that day, the Cisco Police Department called Deputy Rains to assist in
investigating a strong smell of ether coming from a residence.  Deputy Rains noted that ether is used in the
manufacture of methamphetamine.   Deputy
Rains explained in detail to the jury the process of manufacturing methamphetamine.  Deputy Rains testified that, when ephedrine
or pseudoephedrine is combined with anhydrous ammonia and lithium, it instantly
becomes methamphetamine, although it is not the finished product.  Deputy Rains described the  process of getting the methamphetamine to the
finished product. 

Deputy Rains stated that, when he and the officer
arrived at the residence, he could smell ether. 
Deputy Rains received permission to look around the residence, and he
found appellant underneath a pickup. 
Deputy Rains testified that several items were found at the residence
that were consistent with the manufacture of methamphetamine, including camp
fuel, starting fluid cans, a blender, muriatic acid, and parts of lithium
batteries.   Deputy Rains also testified
that he found a mason jar containing some liquid at the residence.  The liquid in the jar was determined to
contain methamphetamine.

Chief Larry Weikel, with the Cisco Police
Department, testified that appellant gave a written statement at the police
station.  Chief Weikel read the statement
to the jury.  In the statement, appellant
admitted that he had tried on three occasions to make methamphetamine.  Appellant stated that he was in the process
of making methamphetamine when the police arrived on September 14, 2001.  Appellant described the process he was using
to make the methamphetamine.








Appellant specifically argues that the evidence is
legally insufficient to show that the amount of methamphetamine manufactured
was in an amount greater than one gram. 
Appellant contends that the State was required to prove that any
adulterants or dilutants were intended to add to the bulk  or quantity of the final product citing Cawthon
v. State, 849 S.W.2d 346 (Tex. Crim. App. 1992), as authority.  In Cawthon, the court held that, when
adulterants and dilutants constitute a part of the weight utilized to increase
punishment, the State must prove beyond a reasonable doubt (1) the identity of
the named illegal substance, (2) that the added remainder (adulterants and/or
dilutants) has not affected the chemical activity of the named illegal
substance, (3) that the remainder (adulterants and/or dilutants) was added to
the named illegal substance with the intent to increase the bulk or quantity of
the final product, and (4) the weight of the illegal substance including any
adulterants and/or dilutants.  Cawthon,
849 S.W.2d at 348-49.

Appellant acknowledges that, after the court=s decision in Cawthon, the
legislature amended the definition of Acontrolled
substance@ and
added the definition of Aadulterant
or dilutant.@  Tex.
Health & Safety Code Ann. '
481.002(5) (Vernon Supp. 2005) currently defines A[c]ontrolled
substance@ as:

[A]
substance, including a drug, an adulterant, and a dilutant, listed in Schedules
I through V or Penalty Groups 1, 1‑A, or 2 through 4.  The term includes the aggregate weight of any
mixture, solution, or other substance containing a controlled substance.

 

Tex. Health & Safety
Code Ann. '
481.002(49) (Vernon Supp. 2005) defines an A[a]dulterant
or dilutant@ as any
material that increases the bulk or quantity of a controlled substance, regardless
of its effect on the chemical activity of the controlled substance.  Appellant argues that not-withstanding the
current definitions, the State was still required to prove that any adulterants
or dilutants were intended to add to the bulk or quantity of the final
product.  We disagree.

Under the new Health and Safety Code definition,
the State is no longer required to determine the amount of controlled substance
and the amount of adulterant and dilutant that constitute the mixture.  Melton v. State, 120 S.W.3d 339, 344
(Tex. Crim. App. 2003).  The State has to
prove only that the aggregate weight of the controlled substance mixture,
including adulterants and dilutants, equals the alleged minimum weight.  Melton, 120 S.W.3d at 344.  William L. Todson, a criminalist with the
Department of Public Safety, testified that the total weight of liquid in the
jar recovered from the scene weighed 13.11 grams.  Todson stated that the liquid contained
methamphetamine.  The evidence is legally
sufficient to support appellant=s
conviction.  Appellant=s first point of error is overruled.








In his second point of error, appellant argues
that the trial court erred in its charge to the jury.  Appellant was charged with the offense of
manufacturing methamphetamine.  The trial
court=s
proposed charge included a charge on the offense of possession of
methamphetamine.  The State objected to
including the lesser offense of possession of methamphetamine, and the trial
court sustained the State=s
objection.  Appellant argues that Ait is impossible to prove manufacture
of the controlled substance without showing possession.@

            A trial court must submit a jury instruction on a lesser
included offense if the offense is included within the proof necessary to
establish the offense charged and if there is some evidence in the record Athat would permit a jury rationally to
find that if the defendant is guilty, he is guilty only of the lesser offense.@ 
Arevalo v. State, 943 S.W.2d 887, 889 (Tex. Crim. App.
1997);  Rousseau v. State, 855
S.W.2d 666, 672‑73 (Tex. Crim. App. 1993).  Tex.
Code Crim. Proc. Ann. art. 37.09 (Vernon 1981) provides that an offense
is a lesser included offense if:

(1) it is established by proof of the same or less
than all the facts required to establish the commission of the offense charged;

 

(2) it differs from the offense charged only in
the respect that a less serious injury or risk of injury to the same person,
property, or public interest suffices to establish its commission;

 

(3) it differs from the offense charged only in
the respect that a less culpable mental state suffices to establish its
commission; or

 

(4) it consists of an attempt to commit the
offense charged or an otherwise included offense.

 

In Hardie v. State, 79 S.W.3d 625 (Tex. App.CWaco 2002, pet. ref=d), the court compared the elements of
possession of methamphetamine to those of manufacturing methamphetamine and
found that the offenses do not share any common elements.  The court found, therefore, that possession
of methamphetamine is not a lesser included offense of manufacturing
methamphetamine.  Hardie, 79
S.W.3d at 631.








The court stated that the elements of possession
of methamphetamine are:  (1) the exercise
of actual care, control, or custody of the substance; (2) a conscious
connection to the substance; and (3) knowingly or intentionally possessing the
substance.   Hardie, 79 S.W.3d at 631.  Manufacture means the production,
preparation, propagation, compounding, conversion, or processing of a
controlled substance other than marihuana, directly or indirectly by extraction
from substances of natural origin, independently by means of chemical
synthesis, or by a combination of extraction and chemical synthesis, and
includes the packaging or repackaging of the substance or labeling or
relabeling of its container.  Tex. Health & Safety Code Ann. ' 481.002(25) (Vernon Supp. 2005).  In Hardie, the court stated that, to
support a conviction for manufacturing methamphetamine, the State must show (1)
manufacturing methamphetamine at the time of arrest and (2) the aggregate
weight of the controlled substance including adulterants and dilutants.  Hardie, 79 S.W.3d at 631.

We agree that the offenses of possession of
methamphetamine and manufacturing methamphetamine do not share any common
elements.  Therefore, the trial court did
not err in sustaining the State=s
objection to the charge on the lesser included offense.  Appellant=s
second point of error is overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

February 2, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.