Affirmed and Opinion filed March 20, 2007








Affirmed and Opinion filed
March 20, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01079-CR

____________

 

FREDDIE LEE LYONS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 155th
District Court

Waller County, Texas

Trial Court Cause No. 11,576

 



 

O P I N I O N

Appellant, Freddie Lee Lyons, appeals from the trial court=s judgment
revoking his deferred adjudication community supervision and finding him guilty
of aggravated assault.  Appellant was charged by indictment with aggravated
assault and intoxication manslaughter.  On February 3, 2005, appellant pled no
contest to aggravated assault and received deferred adjudication and community
supervision for a period of ten years.  Appellant=s community
supervision included serving a total of six months in county jail, to be
fulfilled through weekend incarceration.  








On or about March 12, 2005, appellant was involved in a
physical altercation with two deputies while serving weekend jail time in the
Waller County Jail.  On April 4, 2005, the State filed a motion to adjudicate
guilt, alleging appellant violated the conditions of his community supervision
by committing the offense of assault on a public servant.  Appellant opposed
the motion and pleaded not true to the allegation.  After an evidentiary
hearing, the trial court found that appellant had violated the conditions of
his community supervision by committing the offense of attempted assault on a
public servant.  The trial court entered a judgment of guilty on the offense of
aggravated assault (the original offense) and sentenced appellant to five years= incarceration in
the Texas Department of Criminal Justice, Institutional Division.  See Tex. Penal Code Ann. ' 22.02(a) (Vernon
Supp. 2005).  

Appellant contends he was denied due process because the
motion to adjudicate guilt alleged he committed the offense of assault on
a public servant, and did not provide notice that the trial court would
consider the lesser included offense of attempted assault on a public
servant.  We affirm. 

Analysis

I.        Jurisdiction








Before turning to the merits of appellant=s issue, we must
determine whether or not we have jurisdiction over this appeal.  Typically,
appeals may not be taken from decisions to adjudicate guilt when community
supervision is violated.[1] 
However, that restriction does not apply to matters unrelated to the
determination of guilt after a deferred adjudication.  See Homan v. Hughes,
708 S.W.2d 449, 452 (Tex. Crim. App. 1986) (interpreting the previous version
of article 42.12 sec. 5(b)).  Among the issues that may be considered are
questions regarding substantive and procedural due process in connection with
the hearing.  Eldridge v. State, 731 S.W.2d 618,  619 (Tex. App.CHouston [1st
Dist.] 1987, no pet.).  

In this appeal, appellant does not challenge the trial
court=s decision to
adjudicate guilt, or even the adjudication of guilt itself.  Rather, appellant
contends that he was deprived of due process when the trial court adjudicated
guilt based upon a lesser-included offense of the offense alleged in the motion
to adjudicate guilt.  Appellant contends that his constitutionally protected
right to notice was violated.  Because his claim is unrelated to the 
determination of guilt, we have jurisdiction to consider his issue.

II.       Appellant=s Due Process
Rights were not Violated

In 1973, the United States Supreme Court held for the first
time that the revocation of probation is such a serious deprivation of liberty
so as to require guarantees of adequate due process. See Gagnon v. Scarpelli,
411 U.S. 778, 781B82, 93 S.Ct. 1756, 1759B60, 36 L.Ed.2d 656
(1973).  The Court of Criminal Appeals held that the protections afforded in
Texas are greater than those provided by Gagnon.  Ruedas v. State,
586 S.W.2d 520, 523 (Tex. Crim. App. [Panel Op.] 1979).  In Texas, the
proceeding requires substantially all the same procedure afforded during an
adversary proceeding.  Id.  








Below, the State filed a motion to adjudicate guilt,
alleging appellant had violated the terms of his community supervision by
committing the offense of assault on a public servant.  The trial court, after
hearing all of the evidence, found that appellant had instead violated the
terms of his community supervision by committing the offense of attempted
assault on a public servant.  Appellant now claims that he did not receive
notice regarding the lesser crime, and therefore he was denied due process.  We
disagree.

An attempt to commit an offense is a lesser included
offense of the charged offense.  Tex.
Code Crim. Proc. art. 37.09(4) (Vernon 1981) (AAn offense is a
lesser included offense if . . . it consists of an attempt to commit the
offense charged or an otherwise included offense.@).  When a
defendant is indicted for an offense, the indictment necessarily includes all
lesser included offenses.  Hardie v. State, 79 S.W.3d 625, 632 (Tex.
App.CWaco 2002, pet.
ref=d).  When an
indictment alleges an offense that includes lesser offenses, the accused may be
tried and convicted of a lesser offense.  Id.  We discern no reason why
this rule is inapplicable to the context of a motion to adjudicate guilt. 
Thus, appellant cannot expect some different or greater level of notice not
provided to criminal defendants through an indictment.

Appellant was on notice of the charge of assault on a
public servant, which necessarily included the lesser-included offense of
attempted assault on a public servant.  Therefore, there was no due process
violation.  We overrule appellant=s sole issue.

Conclusion

Having determined first that we have jurisdiction over this
appeal, and secondly that appellant was not denied due process as he alleges,
we affirm the judgment of the trial court.

 

 

 

/s/      John S. Anderson

Justice

 

 

Judgment rendered
and Opinion filed March 20, 2007.

Panel consists of
Justices Anderson, Hudson, and Guzman.

Publish C Tex. R. App. P. 47.2(b).









[1]  Texas Code of Criminal Procedure article 42.12
section 5(b) provides: On
violation of a condition of community supervision imposed under Subsection (a)
of this section, the defendant may be arrested and detained as provided in
Section 21 of this article. The defendant is entitled to a hearing limited to
the determination by the court of whether it proceeds with an adjudication of
guilt on the original charge. No appeal may be taken from this determination.
After an adjudication of guilt, all proceedings, including assessment of
punishment, pronouncement of sentence, granting of community supervision, and
defendant's appeal continue as if the adjudication of guilt had not been
deferred. A court assessing punishment after an adjudication of guilt of a
defendant charged with a state jail felony may suspend the imposition of the
sentence and place the defendant on community supervision or may order the
sentence to be executed, regardless of whether the defendant has previously
been convicted of a felony.  Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon 2006) (emphasis added).