IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0364-10






JULIO CESAR PUENTE, Appellant



v.



THE STATE OF TEXAS





ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY





 Price, J., delivered the opinion of the Court in which Womack, Johnson,
Holcomb and Cochran, JJ., joined. Keasler, J., filed a concurring opinion in which
Keller, P.J., and Hervey, J., joined. Hervey, J. filed a concurring opinion in which
Keller, P.J., and Keasler, J., joined. Meyers, J., did not participate.


O P I N I O N 


 In this aggravated sexual-assault case, the State moved to amend the indictment, and
the trial court granted the motion. The Fourteenth Court of Appeals asserted that the
indictment was amended accordingly by striking out certain words "on a copy of the
indictment." (1) On petition for discretionary review, the State now claims, inter alia, that the
record does not bear out the court of appeals's assertion that "a copy of the indictment" was
altered. In fact, only the written judicial confession in the documents supporting the
appellant's guilty plea was actually altered. We must decide, therefore, whether the physical
alteration of a written judicial confession may be regarded as an amendment to the indictment
in contemplation of Articles 28.10 and 28.11 of the Texas Code of Criminal Procedure. (2)

PROCEDURAL POSTURE

 The appellant was charged by indictment with the felony offense of aggravated sexual
assault of a child for "THE PENETRATION OF THE ANUS of [J.C.], a child younger than
six years of age . . . WITH FINGER." This allegation charged the appellant with a first-degree felony offense, (3) but with an enhanced minimum punishment of twenty-five years
confinement in the penitentiary by virtue of the allegation that the child who was sexually
assaulted was younger than six years of age. (4) The appellant and the State entered into plea
negotiations. From what we are able to gather from the record, the appellant agreed to plead
guilty to the first-degree felony offense of aggravated sexual assault of a child--unenhanced,
however, by the allegation that the child was younger than six years of age--in exchange for
a sentence of twenty-one years. Such an agreed punishment would not have been available
for a conviction of aggravated sexual assault of a child younger than six years of age, because
it is a lesser term of years than the minimum term of imprisonment of twenty-five years that
is applicable for a victim of that age. Accordingly, the State proposed to amend the
indictment, apparently in an attempt to have it reflect the first-degree felony offense of sexual
assault of a child younger than fourteen years of age, without including the mandatory-minimum enhancing circumstance that the child was also younger than six years of age. At
the plea hearing, the trial court acknowledged that the parties had agreed to such an
amendment of the indictment, and the trial court approved the amendment. (5) 

 However, neither the indictment itself nor a copy of it was actually amended in
accordance with the agreement of the parties. Instead, the prosecutor manually struck certain
language from the written judicial confession contained in the "Waiver of Constitutional
Rights, Agreement to Stipulate, and Judicial Confession" that was entered into evidence in
support of the guilty plea. As amended (and showing the strike-out), the judicial confession
acknowledges that the appellant "did [on the alleged date] unlawfully, intentionally and
knowingly cause THE PENETRATION OF THE ANUS of [J.C.], a child younger than six
years of age . . . WITH FINGER." Underneath the judicial confession as thus altered appears
the handwritten notation: "State moves to amend the indictment as reflected above." But
nowhere in the record do we find either that the indictment itself was actually altered in any
way or that a copy of the indictment with the agreed changes noted on it was introduced
memorializing such an amendment. Based upon the unamended indictment and the
appellant's judicial confession, the trial court nevertheless accepted the appellant's plea,
found him guilty of aggravated assault of a child, and set his punishment at the agreed
twenty-one-year term of imprisonment.

 On direct appeal, the appellant argued that his twenty-one year prison sentence was
illegal because unauthorized. He argued that the amendment to the judicial confession
constituted a valid amendment to the indictment and that, as thus amended, namely, by
striking the language "a child younger than six years of age," the indictment alleged only the
second-degree felony offense of sexual assault of a child under Section 22.011(a)(2)(A) of
the Penal Code, which carries a maximum sentence of twenty years. (6)

 The court of appeals agreed. In its unpublished opinion, however, the court of appeals
misread the record, as follows:

 On October 21, 2008, the State submitted the amendment to the indictment by
physically striking through the words "a child younger than six years of age"
on a copy of the indictment. Appellant did not object to the amendment. The
trial court subsequently approved the amendment. Therefore, the indictment
was properly amended. (7)


Finding that this amendment to the indictment had the effect of reducing the charge against
the appellant to the second-degree offense of sexual assault, the court of appeals concluded
that the appellant's sentence was indeed unauthorized, and therefore, illegal. (8) Accordingly,
the court of appeals set the conviction aside, ordered the parties "returned to their respective
positions before the 'guilty' plea was entered," and remanded the cause for further
proceedings. (9) We granted the State's petition for discretionary review, inter alia, to address
its contention that the amendment to the judicial confession did not amount to an amendment
to the indictment. We agree with the State that an amendment to the written judicial
confession that was introduced in support of the guilty plea does not amount to an
amendment to the indictment. We therefore reverse.

ANALYSIS

 A person commits sexual assault if, inter alia, the person "intentionally or knowingly
. . . causes the penetration of the anus . . . of a child by any means," a child being "a person
younger than 17 years of age[.]" (10) This is a second-degree felony, punishable by a term of
two to twenty years in the penitentiary. (11) A person commits the offense of aggravated sexual
assault if, inter alia, the person "intentionally or knowingly . . . causes the penetration of the
anus . . . of a child by any means" and "the victim is younger than 14 years of age." (12) This
offense is a felony of the first degree, carrying a punishment range of five to ninety-nine
years or life in the penitentiary. (13) But the five-year minimum term of imprisonment for this
first-degree felony "is increased to 25 years if . . . the victim of the offense is younger than
six years of age at the time the offense is committed[.]" (14) The indictment in this cause
originally alleged that the appellant caused the penetration of the anus of a child less than six
years old, thereby charging him with a first-degree felony with a minimum term of
punishment of twenty-five years.

 But a victim who is younger than six years of age is also, by definition, younger than
fourteen years of age. Sexual assault of a fourteen-year-old is, in essence, a lesser-included
offense of sexual assault of a six-year-old. Therefore, the original indictment was already,
without the necessity of an amendment, sufficient to authorize conviction for the unenhanced
first-degree felony of sexual assault of a child younger than fourteen years of age. (15) If the
indictment was never amended in this case, then there is nothing illegal about the appellant's
twenty-one-year sentence. The key inquiry in this case therefore devolves into whether the
court of appeals erred to conclude that the indictment was in fact ever amended, such that the
appellant was charged with the second-degree offense of sexual assault rather than the first-degree offense of aggravated sexual assault of a child under the age of six. If the indictment
was in fact amended, the judgment entered at the trial court level may well have been illegal. 
However, if the indictment was not amended, the sentence entered by the trial judge pursuant
to the plea agreement was permissible, and we should reverse the court of appeals's
judgment. (16)

 Articles 28.10 and 28.11 of the Code of Criminal Procedure allow for the possibility
of amending an indictment and supply the procedure to be followed for successful
amendment. (17) In Riney v. State, this Court conducted an analysis of Articles 28.10 and
28.11. (18) To the extent that Ward v. State (19) had required physical interlineation of the original
indictment found in the clerk's file as the exclusive method of amendment, Riney overruled
Ward. (20) The Court then explained an alternative method for amending an indictment: 

 It is acceptable for the State to proffer, for the trial court's approval, its
amended version of a photocopy of the original indictment. If approved, the
amended photocopy of the original indictment need only be incorporated into
the record under the direction of the court, pursuant to Article 28.11, with the
knowledge and affirmative assent of the defense. This version of the 
indictment would then become the "official" indictment in the case, and it
would continue to state, presumably in "plain and intelligible" language, the
nature and cause of the accusation. (21) 


The Court in Riney then noted that Ward would "continue[] to stand for the proposition that
'[n]either the motion [to amend] itself nor the trial judge's granting thereof is an amendment;
rather the two comprise the authorization for the eventual amendment of the charging
instrument pursuant to Article 28.10.'" (22) 

 Our holding in Riney did not necessarily rule out the possibility that there could be
other valid methods to amend an indictment. We need not decide that question today. 
Regardless of whether there may be legitimate ways to amend an indictment other than to
make changes directly to the original indictment or to place an amended duplicate into the
record, we do not believe that manual changes to a written judicial confession should suffice
under any circumstances. A judicial confession in a guilty plea, even when it is reduced to
writing, is decidedly not a charging instrument, nor may it serve as a reasonable facsimile for
one. Its purpose is altogether different than that of a criminal pleading. A written judicial
confession provides evidentiary support for a plea of guilty to the charges alleged in the
indictment or to some lesser included offense of that which is alleged in the indictment. (23) 
Any change or interlineation to the written judicial confession serves to change the evidence
offered in support of the plea, not the content of the charging instrument. It would
complicate matters intolerably to hold that a change or alteration to a written judicial
confession may also (or alternatively) serve as an amendment to the pleading itself.

CONCLUSION

 We hold that the State's request to amend the indictment and the trial court's granting
that request did not serve to amend the indictment where alterations were made solely to the
written judicial confession. Therefore, the appellant's sentence was authorized, and the court
of appeals erred in vacating the trial court's judgment. We reverse the judgment of the court
of appeals and reinstate the judgment of the trial court.


DELIVERED: September 22, 2010

PUBLISH
1. Puente v. State, No. 14-08-01011-CR, 2010 WL 46534 (Tex. App.--Houston [14th Dist.]
January 7, 2010) (mem. op.) (Slip op. at 6) (not designated for publication). 
2. Tex. Code Crim. Proc. arts. 28.10 & 28.11.
3. See Tex. Penal Code § 22.021(a)(1)(B)(i), (a)(2)(B), & (e) ("A person commits an offense
. . . if the person . . . intentionally or knowingly . . . causes the penetration of the anus . . . of a child
by any means . . . and . . . if . . . the victim is younger than 14 years of age[.] * * * An offense under
this section is a felony of the first degree.").
4. See Tex. Penal Code § 22.021(f)(1) ("The minimum term of imprisonment for an offense
under this section is increased to 25 years if . . . the victim of the offense is younger than six years
of age at the time the offense is committed[.]").
5. See Tex. Code Crim. Proc. art. 28.11 ("All amendments of an indictment or information
shall be made with the leave of the court and under its direction.").
6. The appellant is mistaken that the indictment as thus amended would have alleged the
second-degree felony offense of sexual assault of a child. Had the indictment actually been amended
as reflected in the alteration to the judicial confession, it would have alleged that the appellant "did
. . . unlawfully, intentionally and knowingly cause THE PENETRATION OF THE ANUS of J.C.,
. . . WITH FINGER." This language fails to allege a complete offense, because it alleges neither that
the actor lacked the victim's consent nor that the victim was younger than seventeen. See Tex.
Penal Code § 22.011(a) & (c)(1). Therefore, had the indictment been amended as reflected in the
judicial confession, and the appellant had objected to it under Tex. Code Crim. Proc. art. 1.14(b),
it would have supported neither a conviction for aggravated sexual assault of a child nor a conviction
for sexual assault of a child.


 One adjudged guilty of a second-degree felony offense of sexual assault of a child faces a
prison sentence for "any term of not more than 20 years or less than 2 years." Tex. Penal Code §
12.33(a). The appellant argues that, in order to effectuate the true intent of the parties, the
amendment should have struck only the words "younger than six years of age." By also striking the
words "a child," he maintains, the amendment had the effect of alleging only the second-degree
felony of sexual assault. We note, however, that, even had the words "a child" not been struck, the
amendment would still have alleged only a second-degree sexual assault. Penetration of the anus
of a "child" only amounts to a sexual assault unless it can be shown that the "child" is also younger
than fourteen years of age. See Texas Penal Code § 22.011(a)(2)(A) & (c)(1) ("A person commits
an offense if the person . . . intentionally or knowingly . . . causes the penetration of the anus . . . of
a child by any means[.] * * * In this section . . . "Child" means a person younger than 17 years of
age[.]"). The best way for the parties to have changed the allegation to allow the appellant to plead
guilty in exchange for a twenty-one-year sentence would have been simply to strike the word "six"
and replace it with the word "fourteen." See Texas Penal Code § 22.021(a)(2)(B) (intentional or
knowing penetration of a child's anus is an aggravated offense if "the victim is younger than 14 years
of age[.]"). This would have raised the sexual assault of a child to a first-degree aggravated sexual
assault, but would not have subjected the appellant to the mandatory twenty-five-year minimum term
of imprisonment.
7. Puente v. State, supra (Slip op. at 6) (emphasis added).
8. Id. (Slip op. at 6-7). The court of appeals explained:


 A sentence that is outside the maximum or minimum range of punishment is
unauthorized by law and therefore illegal. Mizell v. State, 119 S.W.3d 804, 806 (Tex.
Crim. App. 2003) (en banc); Ex parte Seidel, 39 S.W.3d 221, 225 n.4 (Tex. Crim.
App. 2001) (en banc). A defendant may obtain relief from an unauthorized sentence
on direct appeal or by a writ of habeas corpus. Mizell, 119 S.W.3d at 806. Appellant
was sentenced to confinement for 21 years. Because the amended indictment only
alleged the offense of sexual assault, the maximum penalty appellant could have been
sentenced to is confinement for 20 years. See Tex. Penal Code Ann. §§ 12.33(a),
22.011(f). Therefore, appellant's sentence is illegal. See Mizell, 119 S.W.3d at 806; 
Ex parte Seidel, 39 S.W.3d at 225 n.4. When punishment pursuant to a negotiated
plea agreement exceeds the statutory maximum, the proper relief is to return the
parties to their respective positions before the guilty plea was entered. Ex parte Rich,
194 S.W.3d 508, 515 (Tex. Crim. App. 2006); Ex parte Beck, 922 S.W.2d 181, 182
(Tex. Crim. App. 1996) (per curiam).


Id. (Slip op. at 7).
9. Id. (Slip op. at 8).
10. Tex. Penal Code §§ 22.011(a)(2)(A) & ( c )(1).
11. Tex. Penal Code §§ 12.33(a) & 22.011(f).
12. Tex. Penal Code §§ 22.021(a)(1)(B)(i), (2)(B).
13. Tex. Penal Code §§ 12.31 & 22.021(e).
14. Tex. Penal Code §§ 22.021(e), (f)(1).
15. See Allison v. State, 618 S.W.2d 763, 764-65 (Tex. Crim. App. 1981) (indictment alleging
burglary of a habitation will authorize conviction for lesser-included offense of burglary of a building
without necessity of an amendment to the indictment); Hardie v. State, 79 S.W.3d 625, 631-32 (Tex.
App.--Waco 2002, pet. ref'd) (indictment need not be amended or altered at all to support
conviction for lesser-included offense).
16. Because we will hold that the indictment was in fact not amended, we need not address
whether the court of appeals should nevertheless have affirmed the trial court's judgment on some
other basis such as estoppel. The State has argued alternatively that the appellant, having agreed
with the State to amend the indictment in a way that would support a twenty-one-year sentence,
should now be estopped from arguing that his sentence is illegal because no such amendment was
successfully accomplished. Our disposition makes it unnecessary to resolve this alternative
argument.
17. Tex. Code Crim. Proc. arts. 28.10, 28.11. 
18. Riney v. State, 28 S.W.3d 561 (Tex. Crim. App. 2000).
19. Ward v. State, 829 S.W.2d 787 (Tex. Crim. App. 1992), overruled in part by Riney v. State,
28 S.W.3d 561 (Tex. Crim. App. 2000).
20. Riney, 28 S.W.3d at 566.
21. Id. at 565-66.
22. Id. at 566.
23. See, e.g., Menefee v. State, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009) (a "sworn written
statement" acknowledging guilt of the charged offense is one form of permissible evidence that may
be entered in support of guilty plea in a felony case to satisfy the statutory requirement, under Tex.
Code Crim. Proc. art. 1.15, that the State introduce evidence substantiating guilt).