**Efrain SOSA, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 14–03–01116–CR to
14–03–01118–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 27, 2005.

Discretionary Review Refused
July 27, 2005.

## OPINION

EVA M. GUZMAN, Justice.

Appellant entered pleas of guilty to two counts of intoxication manslaughter and one count of intoxication assault. He was convicted and the jury assessed punishment at twelve years' incarceration for each count of intoxication manslaughter and ten years for intoxication assault. The trial court cumulated the intoxication manslaughter sentences, ordering the sentences to run consecutively. In two issues, appellant contends the trial court erred in cumulating the sentences and in admitting autopsy photographs at the punishment phase of trial. We affirm.

### BACKGROUND

In the early morning hours of September 2, 2002, appellant, while intoxicated, drove the wrong way on the Katy Freeway and struck a car in a head-on collision. As a result, two of the passengers in the other car died and a third suffered injuries that caused him to remain in a coma for three weeks.

### CUMULATION OF SENTENCES

In his first issue, appellant contends the trial court's decision to cumulate the intoxication manslaughter sentences was an abuse of discretion.

After the trial court sentenced appellant, the State requested cumulation of the in-

toxication manslaughter sentences.[1] Appellant asked the court not to cumulate the sentences and the trial court responded as follows:

> Well, this is a hard decision for the Court to decide, as well.
>
> I am—I have not rendered a decision as to what I was going to do in this case if this came to be.
>
> I am, be quite honest, Mr. Sosa, one of the last people that you want to come to trial before on these types of cases. I have seen far too many crosses out there in our community which denotes people died from drunk drivers.
>
> You go on with your life, the people whose lives you've taken are dead. They're not coming back. You've still got your life. And no matter what I do, you'll eventually walk out of the penitentiary and still have your life.
>
> I witnessed a[sic] intoxication manslaughter case when I was—while I was out of law school, and it happened right in front of me, and the person that was killed was a young man also in law school. And I testified in that case as a witness to the offense. I've never forgot those events.
>
> Very serious, what you've done. Very serious nature, what you've done.
>
> There is nothing that I can do impose—I could give you life sentences and still wouldn't address the grievances and the pain and suffering that you caused these people.

The court then ordered the intoxication manslaughter sentences cumulated and appellant made no objection.

■ For the first time, appellant contends on appeal that the court's language indicates its decision on cumulation of sentences was predetermined. However, because appellant made no objection at the time the trial court made its comments, he has waived error. Rule of Appellate Procedure 33.1 provides that as a prerequisite to presenting a complaint for appellate review, a timely, specific objection or motion must be made and ruled upon by the trial court. TEX.R.APP. P. 33.1. This rule ensures trial courts are provided an opportunity to correct their own mistakes at the most convenient and appropriate time, when the mistakes are alleged to have been made. *Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex.Crim.App.2001). Although appellant complained of the cumulation of sentences in his motion for new trial, he did not contend the trial court had predetermined the sentence. By failing to object to the trial court's alleged predetermination of punishment, appellant failed to preserve error. *See Hull v. State*, 67 S.W.3d 215, 217–18 (Tex.Crim.App.2002) (holding failure to make contemporaneous objection at time of sentence waived error).

■ Moreover, even assuming error was preserved, the trial court was within its authority to cumulate the sentences.[2] Due process requires a neutral and detached judicial officer. *Jaenicke v. State*, 109 S.W.3d 793, 796 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd). A court denies a defendant due process when it refuses to consider the evidence or when it imposes a predetermined punishment. *Buerger v. State*, 60 S.W.3d 358, 364 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd). In the absence of a clear showing to the contrary, a reviewing court will presume the trial

---

1. Prior to appellant's guilty plea, the State filed a motion to cumulate the sentences in the intoxication manslaughter cases. *See* TEX. PEN.CODE ANN. § 3.03(b) (Vernon 2004).

2. The penal code allows cumulation of sentences when a defendant sustains multiple convictions of intoxication manslaughter. *See* TEX. PEN.CODE ANN. § 3.03(b)(1) (Vernon 2004).

court was neutral and detached. *Steadman v. State,* 31 S.W.3d 738, 741–42 (Tex. App.-Houston [1st Dist.] 2000, pet. ref'd).

■ Here, appellant was found guilty of intoxication manslaughter that resulted in the deaths of two people and serious injury to a third. The trial court noted the seriousness of appellant's crime and the difficulty in making a decision. The court further stated it had not decided whether to cumulate the sentences prior to trial. Thus, the trial court's comments do not reflect it had abandoned discretion and refused to consider either the evidence or the full range of punishment.

We recognize the law contemplates that a trial judge shall maintain an attitude of impartiality throughout the trial. *Blue v. State,* 41 S.W.3d 129, 131 (Tex.Crim.App. 2000). Unfortunately, the trial court's comments may suggest a bias against those accused of driving while intoxicated and intoxication manslaughter. However, considering the totality of the trial court's comments, they do not demonstrate that the trial court predetermined appellant's sentence. Moreover, as noted, appellant did not object to those comments at the time of trial, did not file a motion to recuse, and his only argument on appeal regarding the trial court's comments is that his sentence had been predetermined.

Appellant's first issue is overruled.

### Autopsy Photographs

In his second issue, appellant contends the trial court erred in admitting gruesome autopsy photographs during the punishment phase. After appellant pleaded guilty, the trial court conducted a punishment hearing before a jury. During the testimony of an assistant medical examiner, the State introduced photographs of the victims taken prior to performance of the autopsies. Appellant objected under Rule 403 of the Texas Rules of Evidence that several of the photographs were prejudicial. The trial court sustained appellant's objection as to three of the photographs, but admitted ten of the photographs.

■ Although admissible, evidence may be excluded if its relevance is outweighed by a danger that it will unfairly prejudice, confuse, or mislead the jury, if its inclusion will result in undue delay, or if it is needlessly cumulative. Tex.R. Evid. 403. Because Rule 403 favors admissibility of relevant evidence, the presumption is that relevant evidence will be more probative than prejudicial. *Montgomery v. State,* 810 S.W.2d 372, 389 (Tex.Crim.App. 1990). The burden is on the opponent of the proffered evidence to demonstrate the prejudicial attributes of the evidence and to show how these attributes substantially outweigh the probative value of the evidence. *Goldberg v. State,* 95 S.W.3d 345, 367 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd), *cert. denied,* 540 U.S. 1190, 124 S.Ct. 1436, 158 L.Ed.2d 99 (2004). Further, in reviewing the trial court's decision to admit certain evidence, we may reverse only for an abuse of discretion, that is, only when the trial court's decision is outside the zone of reasonable disagreement. *Weatherred v. State,* 15 S.W.3d 540, 542 (Tex.Crim.App.2000).

■ A court may consider the following factors in determining whether the probative value of photographs is substantially outweighed by the danger of unfair prejudice: the number of exhibits offered, their gruesomeness, their detail, their size, whether they are in color or in black and white, whether they are close-up, and whether the body depicted is clothed or naked. *Hayes v. State,* 85 S.W.3d 809, 815 (Tex.Crim.App.2002). Autopsy photographs are generally admissible unless they depict mutilation of the victim caused

by the autopsy itself. *Rojas v. State*, 986 S.W.2d 241, 249 (Tex.Crim.App.1998). Changes rendered by the autopsy process are of minor significance if the disturbing nature of the photograph is primarily due to the injuries caused by the appellant. *Santellan v. State*, 939 S.W.2d 155, 173 (Tex.Crim.App.1997).

The photographs admitted were taken by the medical examiner's office prior to conducting autopsies. The photographs appear to be snapshots, approximately three and a half by five inches in size. The copies of the photographs in the appellate record are black and white.[3] Of the ten photographs admitted, two depict naked bodies, two depict partially clothed bodies, two depict leg wounds, two are of a clothed body, taken from behind, one is of the back of a victim's head, and one is a close-up that depicts facial wounds. The photographs depict the wounds inflicted by appellant and are no more gruesome than the facts of the offense itself. *See Sonnier v. State*, 913 S.W.2d 511, 519 (Tex.Crim. App.1995). Any prejudice caused by the photographs does not substantially outweigh their probative value. Appellant's second issue is overruled.

The judgment of the trial court is affirmed.

Panel consists of Justices HUDSON, FOWLER, and SEYMORE.

---

**3.** Neither the actual photographs, nor color photocopies, were included in the record. If appellant believed the colors in the actual photographs would have made a difference in our assessment of prejudice, he should have ensured that either the original photographs or color photocopies were included in the record. *See Williams v. State*, 958 S.W.2d 186, 196 n. 10 (Tex.Crim.App.1997).