Freddie Lee LYONS, Appellant

v.

The STATE of Texas, Appellee.

No. 14–05–01079–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 20, 2007.

James Rivera, Houston, for appellants.

William E. Parham, Hempstead, for appellees.

Panel consists of Justices ANDERSON, HUDSON, and GUZMAN.

## OPINION

JOHN S. ANDERSON, Justice.

Appellant, Freddie Lee Lyons, appeals from the trial court's judgment revoking his deferred adjudication community supervision and finding him guilty of aggravated assault. Appellant was charged by indictment with aggravated assault and intoxication manslaughter. On February 3, 2005, appellant pled no contest to aggravated assault and received deferred adjudication and community supervision for a period of ten years. Appellant's community supervision included serving a total of six months in county jail, to be fulfilled through weekend incarceration.

On or about March 12, 2005, appellant was involved in a physical altercation with two deputies while serving weekend jail time in the Waller County Jail. On April 4, 2005, the State filed a motion to adjudicate guilt, alleging appellant violated the conditions of his community supervision by committing the offense of assault on a public servant. Appellant opposed the motion and pleaded not true to the allegation. After an evidentiary hearing, the trial court found that appellant had violated the conditions of his community supervision by committing the offense of attempted assault on a public servant. The trial court entered a judgment of guilty on the offense of aggravated assault (the original offense) and sentenced appellant to five years' incarceration in the Texas Department of Criminal Justice, Institutional Division. *See* TEX. PENAL CODE ANN. § 22.02(a) (Vernon Supp.2005).

Appellant contends he was denied due process because the motion to adjudicate guilt alleged he committed the offense of *assault* on a public servant, and did not provide notice that the trial court would consider the lesser included offense of *attempted assault* on a public servant. We affirm.

## Analysis

### I. Jurisdiction

 Before turning to the merits of appellant's issue, we must determine whether or not we have jurisdiction over this appeal. Typically, appeals may not be taken from decisions to adjudicate guilt when community supervision is violated.[1] However, that restriction does not apply to matters unrelated to the determination of guilt after a deferred adjudication. *See Homan v. Hughes*, 708 S.W.2d 449, 452 (Tex.Crim.App.1986) (interpreting the previous version of article 42.12 sec. 5(b)). Among the issues that may be considered

---

1. Texas Code of Criminal Procedure article 42.12 section 5(b) provides: On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. *No appeal may be taken from this determination.* After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred. A court assessing punishment after an adjudication of guilt of a defendant charged with a state jail felony may suspend the imposition of the sentence and place the defendant on community supervision or may order the sentence to be executed, regardless of whether the defendant has previously been convicted of a felony. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon 2006) (emphasis added).

are questions regarding substantive and procedural due process in connection with the hearing. *Eldridge v. State,* 731 S.W.2d 618, 619 (Tex.App.-Houston [1st Dist.] 1987, no pet.).

In this appeal, appellant does not challenge the trial court's decision to adjudicate guilt, or even the adjudication of guilt itself. Rather, appellant contends that he was deprived of due process when the trial court adjudicated guilt based upon a lesser-included offense of the offense alleged in the motion to adjudicate guilt. Appellant contends that his constitutionally protected right to notice was violated. Because his claim is unrelated to the determination of guilt, we have jurisdiction to consider his issue.

## II. Appellant's Due Process Rights were not Violated

In 1973, the United States Supreme Court held for the first time that the revocation of probation is such a serious deprivation of liberty so as to require guarantees of adequate due process. *See Gagnon v. Scarpelli,* 411 U.S. 778, 781–82, 93 S.Ct. 1756, 1759–60, 36 L.Ed.2d 656 (1973). The Court of Criminal Appeals held that the protections afforded in Texas are greater than those provided by *Gagnon. Ruedas v. State,* 586 S.W.2d 520, 523 (Tex.Crim.App. [Panel Op.] 1979). In Texas, the proceeding requires substantially all the same procedure afforded during an adversary proceeding. *Id.*

Below, the State filed a motion to adjudicate guilt, alleging appellant had violated the terms of his community supervision by committing the offense of assault on a public servant. The trial court, after hearing all of the evidence, found that appellant had instead violated the terms of his community supervision by committing the offense of attempted assault on a public servant. Appellant now claims that he did not receive notice regarding the lesser crime, and therefore he was denied due process. We disagree.

An attempt to commit an offense is a lesser included offense of the charged offense. TEX.CODE CRIM. PROC. art. 37.09(4) (Vernon 1981) ("An offense is a lesser included offense if . . . it consists of an attempt to commit the offense charged or an otherwise included offense."). When a defendant is indicted for an offense, the indictment necessarily includes all lesser included offenses. *Hardie v. State,* 79 S.W.3d 625, 632 (Tex.App.-Waco 2002, pet. ref'd). When an indictment alleges an offense that includes lesser offenses, the accused may be tried and convicted of a lesser offense. *Id.* We discern no reason why this rule is inapplicable to the context of a motion to adjudicate guilt. Thus, appellant cannot expect some different or greater level of notice not provided to criminal defendants through an indictment.

Appellant was on notice of the charge of assault on a public servant, which necessarily included the lesser-included offense of attempted assault on a public servant. Therefore, there was no due process violation. We overrule appellant's sole issue.

### Conclusion

Having determined first that we have jurisdiction over this appeal, and secondly that appellant was not denied due process as he alleges, we affirm the judgment of the trial court.