Affirmed and Memorandum Opinion
filed March 4, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-01048-CR



Dana Gerard
Adams, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 337th District Court

Harris County, Texas

Trial Court
Cause No. 1104754



 

M E M O R A N D U M    O P I N I O N


Appellant, Dana Gerard Adams, was charged with third-degree
felony assault of a family member.  Appellant pleaded no contest pursuant to a
plea agreement.  The trial court deferred its finding of guilt and placed
appellant on community supervision.  Thereafter, the State moved to revoke
appellant’s community supervision based on alleged probation violations.  After
an adjudication hearing, the trial court found that appellant had committed
most of the violations asserted in the State’s motion, revoked appellant’s
community supervision, and sentenced him to ten years in prison.  On appeal,
appellant contends that he was denied effective assistance of counsel and due
process of law during the adjudication process.  We affirm.

I.  BACKGROUND

In February 2007, appellant was charged with
third-degree felony assault of a family member.  Pursuant to a plea agreement,
he pleaded no contest.  The trial court deferred its finding of guilt and
placed appellant on community supervision for four years.  Months later, the
State moved to adjudicate appellant’s guilt, claiming that appellant had
violated a number of his community supervision conditions, including: (1)
cocaine use while on probation; (2) failure to report to a community
supervision officer; (3) leaving Harris County without the trial court’s permission;
(4) failure to participate in community service, an approved drug and alcohol
treatment program, an educational skills evaluation, and a domestic violence
treatment program; and (5) failure to pay mandatory fees and court costs.  The
State also alleged in its motion that appellant had committed two criminal
offenses: criminal trespass and burglary.  The criminal allegations arose from
appellant’s estranged wife, who told police that appellant had become violent
with her at her home, refused to leave, and then stole her vehicle.  

The trial court conducted a hearing on the State’s
motion to adjudicate.  As the hearing started, defense counsel relayed to the
trial court the State’s offer of six years in prison and appellant’s rejection
of that offer.  Appellant then pleaded true to multiple probation violations: cocaine
use, failure to report, leaving Harris County without proper permission, failure
to pay mandatory fees and court costs, and failure to participate in community
service, drug and alcohol treatment, domestic violence treatment, and an educational
skills evaluation.  

Despite having pleaded guilty to these violations, appellant
pleaded not true to the allegations that he had committed the criminal offenses
of criminal trespass and burglary.  The trial court ultimately found that
appellant did not commit the burglary offense but that he had committed the
remaining violations asserted in the State’s motion.  Accordingly, the trial
court revoked appellant’s probation, found him guilty, and sentenced him to ten
years in prison.  In two appellate issues, appellant contends that he was
denied effective assistance of counsel and due process of law during the
adjudication process.  

II.  INEFFECTIVE ASSISTANCE OF COUNSEL

In appellant’s first issue, he contends that he
received ineffective assistance of counsel during the adjudication process
because trial counsel’s representation was subject to a conflict of interest.  The
Sixth Amendment to the United States Constitution provides that in all criminal
prosecutions, the accused shall enjoy the right to have the assistance of
counsel for his defense.  U.S. Const. amend. VI.  The Sixth Amendment
guarantees not just the right to counsel, but the right to the reasonably
effective assistance of counsel.  See Strickland v. Washington,
466 U.S. 668, 687 (1984); Monreal v. State, 947 S.W.2d 559, 564 (Tex.
Crim. App. 1997).  The Sixth Amendment’s right to reasonably effective
assistance of counsel includes the right to “conflict-free” representation.  See
Strickland, 466 U.S. at 692; see also Cuyler v.
Sullivan, 466 U.S. 335, 348–50 (1980).  In the context of “conflict-free”
representation, a defendant may prove ineffective assistance of counsel if he
can show (1) that his counsel was burdened by an actual conflict of interest
and (2) that the conflict actually colored counsel’s actions during the
adjudication hearing.  See Acosta v. State, 233 S.W.3d 349, 356
(Tex. Crim. App. 2007) (citing Cuyler, 446 U.S. at 349–50); see also
Monreal, 947 S.W.2d at 564.  

Until a defendant shows that his counsel actively
represented conflicting interests, he has not established the constitutional
predicate for his claim of ineffective assistance.  Cuyler, 446 U.S. at
350.  An actual conflict of interest exists if counsel is required to make a
choice between advancing his client’s interest in a fair trial or advancing
other interests—including counsel’s—to the detriment of his client’s interest. 
Acosta, 233 S.W.3d at 355 (quoting Monreal, 947 S.W.2d at 564).  
Furthermore, a defendant who shows that a conflict of interest actually
affected the adequacy of counsel’s representation need not demonstrate
prejudice to obtain relief.  Cuyler, 446 U.S. at 349–50. 

Here, appellant contends that defense counsel’s
statements to the trial court on the record—that the State had offered
appellant six years and appellant had rejected the offer—constitutes
ineffective assistance of counsel.  Specifically, appellant contends the
statement shows that defense counsel’s self interest in protecting himself
against any future claim of ineffective assistance was in conflict with
appellant’s interest to secure a fair trial.  In Monreal v. State, the
Court of Criminal Appeals addressed the same conflict-of-interest issue.  947
S.W.2d at 564.

In Monreal, the defendant was charged with two
felony offenses.  The defendant pleaded not guilty, and his case was tried to
the trial court.  Id. at 560.  After the State rested its case, defense
counsel put the defendant on the witness stand for the sole purpose of entering
into the record that she, defense counsel, had advised the defendant before
trial of a plea offer from the State, and that appellant had rejected the
offer.  Id. at 560–61.  It was undisputed that defense counsel’s sole
purpose in doing so was to protect herself against a future claim of
ineffective assistance of counsel.  See id.  The trial court ultimately
found the defendant guilty and sentenced him to 99 years in prison.  Id.
at 561.  On appeal, the defendant contended that trial counsel labored under an
actual conflict of interest—she represented her self-interest of protecting
herself from future claims of ineffective assistance.  Id. at 564.  The
Court of Criminal Appeals rejected the defendant’s conflict-of-interest
argument, concluding that “trial counsel was not required to make a choice
between advancing her client’s interests in a fair trial or advancing her own
interest in avoiding a future claim of ineffective assistance.”  Id. at
565.  Accordingly, trial counsel’s interest, if any, did not actually conflict
with the defendant’s interest.  

            Similar to Monreal,
trial counsel’s statements in this case regarding the State’s plea offer do not
rise to the level of an actual conflict of interest because trial counsel was
not required to make a choice between advancing his own interest in avoiding a
future claim of ineffective assistance and advancing appellant’s interest in a
fair trial.  See id.  Following the Court of Criminal Appeals decision
in Monreal, we find that no actual conflict existed between counsel and
appellant.  Id. at 564; see also Acosta, 233 S.W.3d at 356
(citing Cuyler, 446 U.S. at 349–50).  Accordingly, trial counsel did not
render ineffective assistance of counsel.  We overrule appellant’s first issue.

III.  DUE PROCESS OF LAW

In appellant’s second issue, he contends that trial
counsel’s statements regarding the State’s plea offer denied him due process of
law because such statements affected the trial court’s partiality and affected
the court’s punishment decision.  Due process requires that a neutral and
detached judge preside over probation revocation proceedings.  Wright v.
State, 640 S.W.2d 265, 269 (Tex. Crim. App. 1982); Lyons v. State,
222 S.W.3d 658, 660 (Tex. App.—Houston [14th Dist.] 2007, no pet).  In the
absence of a clear showing to the contrary, we presume that the trial court was
a neutral and detached officer.  Sosa v. State, 230 S.W.3d 192, 194–95
(Tex. App.—Houston [14th Dist.] 2005, pet. ref’d).  

In this case, there is nothing in the record before
us reflecting that the trial court was not a neutral detached officer.  There
is no evidence that the trial court participated in the actual plea
negotiations.  There is no evidence that appellant was coerced one way or
another regarding the plea offer or that the trial court improperly exerted any
influence in the plea process.  There is no evidence that the trial court was
influenced by appellant’s plea rejection.  Moreover, the sentence imposed by
the trial court was within the sentence range for the offense.  See Tex.
Penal Code § 12.34.  Because the record is devoid with any evidence that the
trial court’s knowledge of the rejected plea offer influenced its sentencing
decision, appellant has not made a showing that the trial court was anything
other than a detached and neutral arbiter.  Accordingly, we overrule
appellant’s second issue.

 

 

Having overruled both of appellant’s issues, we
affirm the trial court’s judgment.

 








                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

Panel consists of Chief Justice Hedges,
Justice Anderson, and Senior Justice Mirabal.*

Do
Not Publish — Tex. R. App. P. 47.2(b).

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

*Senior Justice Margaret Garner
Mirabal sitting by assignment.