**Affirmed and Memorandum Opinion filed March 21, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00595-CR

---

### JAMES WESTON GARRETT, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 355th District Court**
**Hood County, Texas**
**Trial Court Cause No. CR11125**

---

## M E M O R A N D U M    O P I N I O N

Appellant James Weston Garrett was "unsuccessfully discharged" from a psychological therapy program he was ordered to attend as a condition of deferred adjudication community supervision. After a hearing, the trial court revoked the appellant's community supervision, found him guilty of the indicted offense of aggravated sexual assault of a child, and sentenced him to 20 years' confinement.

On appeal, the appellant alleges that the State committed a *Brady*[1] violation by concealing evidence that he was discharged from the therapy program in retaliation for his mother's withdrawal from a "cleverly disguised pyramid scheme" run by the program's lead therapist. We affirm.

## BACKGROUND

On January 14, 2009, the appellant was indicted for aggravated sexual assault of a child; he pleaded guilty. The trial court sentenced the appellant to deferred adjudication and 10 years of community supervision pursuant to the State's recommendation, subject to 31 conditions set out in the order of deferred adjudication. Condition 18 is the only one directly relevant to this appeal. It provides:

> Defendant shall attend psychological counseling for sex offenders under the direction and supervision of the Hood County CSCD, and pay all costs associated therewith and continue said program until discharged by the counselor or the Court.

The appellant was "unsuccessfully discharged" from his psychological counseling program on February 20, 2012. On the grounds that this constituted a violation of condition 18 of the appellant's community supervision, the State filed a motion to proceed with an adjudication of guilt.

On April 16, 2012, the trial court heard arguments and considered evidence on the State's motion. Amber Boswell, the appellant's community supervision officer, testified that the appellant had a history of compliance issues and that she believed that revocation of the appellant's community supervision was the only remaining option.[2]

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

[2] Boswell testified that less severe punishments — strict reporting requirements and a 60-

Paula Schirman, who oversaw the appellant's psychological therapy program, testified that the appellant failed to attend several therapy sessions and that he consistently showed a bad attitude during the sessions he did attend. In the trial court, she explained that the appellant's complete refusal to participate in the group therapy sessions led her to discharge him from the program:

> The main reason, attitude. I mean he — he violated probation. He — he did things that were inappropriate, but he — I would not have kicked him out of group if he had tried at all. [The appellant] would not try. He had a horrible attitude.

The appellant's mother and father testified for the defense. The trial court revoked the appellant's community supervision, found him guilty of the indicted offense of aggravated sexual assault of a child, and sentenced him to 20 years' confinement.

For the first time on appeal, the appellant alleges that he was discharged from the therapy program because his mother withdrew from Schirman's "cleverly disguised pyramid scheme." In his sole issue, the appellant alleges that the State violated his due-process rights by failing to disclose evidence that he was discharged in retaliation for his mother's withdrawal from Schirman's investment scheme.

## ANALYSIS

It is well settled that the suppression by the prosecution of evidence favorable to a defendant violates due process if the evidence is material either to guilt or punishment, without regard to the good or bad faith of the prosecution. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Harm v. State*, 183 S.W.3d 403, 406 (Tex. Crim. App. 2006). An appellant must satisfy three requirements to establish a *Brady* violation: (1) the State suppressed evidence, (2) the suppressed evidence is

---

day jail sentence — had been ineffective.

favorable to the appellant, and (3) the evidence is material. *Harm*, 183 S.W.3d at 406. When the appellant already has access to the evidence he accuses the State of conceding, there is no *Brady* violation. *See Hayes v. State*, 85 S.W.3d 809, 815 (Tex. Crim. App. 2002).

At least one Texas court of appeals has applied *Brady* in the context of a revocation proceeding. *Stevens v. State*, 900 S.W.2d 348, 352 (Tex. App.—Texarkana 1995, pet. ref'd). Additionally, both parties argue *Brady* as the applicable standard; our analysis below uses the *Brady* framework.

## I.    Jurisdiction

Initially, we address the issue of our jurisdiction over this appeal. Typically, appeals may not be taken from decisions to adjudicate guilt when a condition of community supervision has been violated. Tex. Code Crim. Proc. art. 42.12 § 5(b) (Vernon Supp. 2012); *Lyons v. State*, 222 S.W.3d 658, 659 (Tex. App.—Houston [14th Dist.] 2007, no pet.). However, that restriction does not apply to matters unrelated to the determination of guilt after a deferred adjudication. *Durgan v. State*, 240 S.W.3d 875, 877 (Tex. Crim. App. 2007); *Lyons*, 222 S.W.3d at 659. Article 42.12 does not deprive appellate courts of jurisdiction to determine whether the proceedings in the trial court satisfied the requirements of substantive and procedural due process. *See Durgan*, 240 S.W.3d at at 878 (concluding that appellate court had jurisdiction over an assertion that the defendant was not competent at the time of the adjudication hearing because such an assertion "raises a preliminary due-process issue that must be resolved before the adjudication process may begin").

Because the appellant's sole issue is the alleged violation of his right to due process under *Brady*, we conclude that this case is within our jurisdiction.

## II. *Brady* Claim

In the record before us, we are unable to find a single reference to the evidence at the heart of the appellant's claim. We can find no evidence that (1) the State suppressed evidence, (2) the suppressed evidence is favorable to the appellant, or (3) the evidence is material. Accordingly, The appellant has failed to demonstrate any of the *Brady* elements. *See Harm*, 183 S.W.3d at 406.

Further, the exhibits attached to the appellant's appellate brief[3] suggest that the appellant was aware of the very evidence he accuses the State of withholding. These exhibits include a complaint filed by the appellant's mother with the Texas Department of State Health Services Professional Licensing and Certification Unit. The complaint is not dated. It states, in relevant part:

> In May 2010 I withdrew from [the "pyramid scheme"]. The next group meeting my son attended he was kicked out of class. He was told he had a bad attitude. This episode was not reported to his probation officer, which leads me to believe that [it] was just a message to me that [Schirman] had the power to do whatever she wants to.

The hearing on the State's motion to proceed with an adjudication of guilt occurred nearly two years after this incident, and the appellant's mother testified for the defense. *Brady* does not apply when the defendant has access to the evidence allegedly withheld. *Hayes*, 85 S.W.3d at 815; *Jackson v. State*, 552 S.W.2d 798, 804 (Tex. Crim. App. 1976) ("We cannot conclude that the prosecutor violated his duty to disclose favorable evidence to the appellant when the evidence was already available to him."). So, even if the record supported the *Brady* elements, the appellant's allegations would be without merit.

We overrule the appellant's sole issue.

---

[3] These exhibits are not included in the record before us.

## CONCLUSION

Having overruled the appellant's sole issue on appeal, we affirm the judgment of the trial court.


/s/    William J. Boyce
        Justice


Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.

Do Not Publish — TEX. R. APP. P. 47.2(b).