# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-13-00140-CR

Benjamin Louis Labahn, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
NO. 11-1727-K277, THE HONORABLE KEN ANDERSON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Benjamin Louis Labahn was placed on community supervision after he pleaded guilty to the felony offense of family violence assault. *See* Tex. Penal Code § 22.01; Tex. Code Crim. Proc. art. 42.12, §3. Subsequently, the trial court granted the State's motion to revoke appellant's community supervision after finding that appellant had violated the conditions of his supervision.[1] The court revoked appellant's community supervision and assessed his punishment

---

[1] The State's motion to revoke contained five allegations. Appellant pleaded not true to paragraphs one and five, but true to the remaining three. Paragraph one alleged the commission of a new offense, aggravated assault. Paragraph five alleged the failure to complete the domestic violence program as directed. The State presented evidence as to these two allegations. The trial court found that appellant violated the conditions of his supervision as alleged in the State's motion to revoke, except that the court found that appellant committed the offense of attempted aggravated assault rather than aggravated assault as alleged in paragraph one. At the revocation hearing, both parties agreed that the trial court had the authority to find that appellant violated the conditions of his community supervision by finding that he committed a lesser-included offense of the offense alleged in the motion to revoke. *See Lyons v. State*, 222 S.W.3d 658, 660 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (finding no due-process violation when trial court found that appellant

at eight years confinement in the Institutional Division of the Texas Department of Criminal Justice. *See* Tex. Code Crim. Proc. art. 42.12, § 23.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75 (1988). Appellant's counsel provided appellant a copy of the brief along with a letter advising appellant of his right to examine the record and file a pro se brief. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. No pro se brief or other written response has been filed.

Having reviewed the record, including appellate counsel's brief and the record of the revocation proceedings, we find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious ground for review and that the appeal is frivolous. Counsel's motion to withdraw is granted.

We note, however, that the judgment revoking community supervision contains a clerical error. The judgment reflects "8 years TDCJ" as the "Terms of Plea Agreement." The record, however, demonstrates that this was not a plea-bargain case and there was no plea agreement. This

---

violated conditions of community supervision by committing lesser-included offense of offense alleged in motion to adjudicate because appellant was on notice of lesser-included offense by allegation of greater offense); *see also Pickett v. State*, 542 S.W.2d 868, 870 (Tex. Crim. App. 1976) ("Probation may not be revoked upon a finding of any violation of the law other than that alleged or necessarily included within the allegations of that alleged in the motion to revoke.")

2

Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 46.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we modify the judgment to delete "8 years TDCJ" as the "Terms of Plea Agreement" and to instead reflect that the "Terms of Plea Agreement" are "Not Applicable."

As modified, the judgment revoking community supervision is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Field

Modified and, as Modified, Affirmed

Filed:   November 15, 2013

Do Not Publish

3