

# NUMBERS 13-13-00652-CR, 13-13-00653-CR & 13-13-00654-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

GUADALUPE GARCIA,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

### On appeal from the 94th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion by Justice Benavides

In this consolidated appeal, appellant Guadalupe Garcia complains by one issue that the trial court violated his due process rights by predetermining that his sentences in appellate cause numbers 13-13-00653-CR (the 2039 case), 13-13-00654-CR (the 2040 case), and 13-13-00652-CR (the 2035 case) would run consecutively.  We affirm.

## I. BACKGROUND

A Nueces County grand jury indicted Garcia for: (1) two counts of theft in the 2035 case, both state jail felonies due to Garcia's two prior convictions for theft, *see* TEX. PENAL CODE ANN. § 31.03(a)–(b), (e)(4)(D) (West, Westlaw through 2013 3d C.S.); (2) one count of theft in the 2039 case, a state jail felony, *see id.*; and (3) one count of theft in the 2040 case, a state jail felony. *See id.* Garcia entered an open plea of nolo contendere for each case. The trial court found Garcia guilty of each charge and held a separate punishment hearing.

At the punishment hearing, the trial court sentenced Garcia to: (1) eighteen months imprisonment in the Texas Department of Criminal Justice—Institutional Division (TDCJ-ID) for the 2035 case; (2) one year imprisonment in the TDCJ-ID for the 2039 case; and (3) two years' imprisonment in the TDCJ-ID for the 2040 case, probated for five years while Garcia was placed in the Substance Abuse Felony Program Facility (SAFPF). According to the written judgments, the trial court ordered the sentences to run consecutively, beginning with the one-year imprisonment in the 2039 case, followed by eighteen months in the 2035 sentence, and ending with the SAFPF sentence in the 2040 case. This appeal ensued.

## II. PRE-DETERMINATION OF SENTENCE

By his sole issue, Garcia asserts that the trial court violated his due process rights "when it made comments demonstrating the court's impartiality by pre-determining that the second and third sentences would run consecutive to the first," thereby failing to consider the full range of punishment available to it.

### A. Preservation of Error

Before reaching the merits of Garcia's issue on appeal, we must first determine whether error was properly preserved. *See* TEX. R. APP. P. 33.1; *see also Moore v. State,* 295 S.W.3d 329, 333 (Tex. Crim. App. 2009) ("Preservation of error is a systemic requirement of every appeal."). The State argues that Garcia waived error by "failing to raise any complaint at the time the trial court made the allegedly improper comments or when it thereafter imposed consecutive sentences." We agree.

The relevant portion of the sentencing hearing reveals the following exchange during Garcia's sentencing for the 2035 case:

| | |
|---|---|
| [Prosecutor]: | It's the State's understanding that each of these are going to be held at separate proceedings. |
| The Court: | Yes, sir. All right, Defendant is sentenced to 18 months in a state jail. All right, do you-all want to try and work out the others? |
| [Defense Counsel]: | To run— |
| The Court: | To run consecutive. |
| [Defense Counsel]: | -- consecutive to the first one for the one year? |
| The Court: | Yes, ma'am. You-all want to the try and work something out, I'll consider it. |
| [Defense Counsel]: | No, we just rather go ahead -- |
| The Court: | Okay. |
| [Defense Counsel]: | -- and go on 2039 now. |
| The Court: | All right. Then on 2039, Court calls 13-CR-2039. |

Garcia' trial counsel failed to object or raise any complaint to the trial court's purported improper comments about running Garcia's sentences consecutively before

deciding the punishment on the other charges. As a result, Garcia has waived error. *See* TEX. R. APP. 33.1; *see also Sosa v. State*, 230 S.W.3d 192, 194 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (holding that the defendant failed to preserve error that the trial court's language indicated a decision that cumulating his sentences was predetermined).

However, although we conclude that Garcia waived error, even assuming without deciding that error was preserved, *see Brumit v. State*, 206 S.W.3d 639, 644–45 (Tex. Crim. App. 2006) (expressly declining to decide whether an objection is required to preserve error on this issue, but addressing the merits of the appellant's issue on appeal), the record does not support Garcia's argument. Due process requires a neutral and detached hearing body or officer. *Id.* at 645. Absent a clear showing of bias, a trial court's actions will be presumed to have been correct. *Id.* In other words, absent a showing of bias, partiality, or that the trial court did not consider the full range of punishment, no due process violation occurs. *See id.* The record in this case is void of any such evidence.

First, the trial court provided Garcia an opportunity to be heard prior to any sentencing. During this hearing, Garcia testified about his personal background, as well as his mental health and criminal histories. The trial court also asked Garcia questions during this hearing. Second, although the trial court indicated at the sentencing hearing that the sentences would run consecutive, it advised Garcia's counsel that if she and the State wanted to "try and work something out" regarding the sentences, it would "consider it." Third, during the trial court's sentencing on the 2040 case, Garcia entered into the following exchange with the trial court, which showed the

4

trial court's willingness to consider other options within its discretion regarding Garcia's full range of punishment:

| | |
|---|---|
| The Court: | You wanted to say something?   Go ahead. |
| [Garcia]: | Yes, sir.   All these charges will be consecutive? |
| The Court : | Yes, sir. |
| [Garcia]: | I can't do anything about it now? |
| The Court: | Well, you can right now because I haven't—I haven't finished on this one. |
| [Defense Counsel]: | So [the 2039 case] was one year consecutive to everything else? |
| The Court: | Yes.   So now we're on 2040.   We're still on 2040. |
| [Garcia]: | So they're all going to be—run consecutive? |
| The Court: | I haven't decided on this one.   What would you like to say? |
| [Garcia]: | Nothing, Your Honor, I mean—basically, I mean— |
| The Court: | I don't know how else—I don't know how also I can stop you from committing the same behavior. |
| [Garcia]: | I've never been on no nothing, no drug program, no nothing.   In my whole life I've never been given no opportunity like that. |
| [Defense Counsel]: | I think they have a drug component, don't they, Your Honor? |
| The Court: | Okay, you got it. |
| | . . . . |
| | You got it.   On this one, it will be two |

> years—this will be two years probated for five years and SAFPF after he finishes the time. You got it.

Based upon this record, we conclude that the trial court did not violate Garcia's due process rights by demonstrating bias or impartiality by predetermining his sentence. Garcia's sole issue is overruled.

### III. CONCLUSION

We affirm the trial court's judgments.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
7th day of August, 2014.